## J. E. NIDAY, GUARDIAN, ET AL. v. J. B. COCHRAN.

Decided March 12, 1906.

**1.—Tax Suit—Foreclosure—Deed—Limitation.**

On the theory that a life tenant of an undivided interest in certain lots was the sole owner of the property suit was brought by the city of Houston against her alone for taxes due on said lots and for foreclosure of tax lien. The lien was foreclosed as against her upon the entire premises, and the deed on its face purported to pass title to the entire property. Held, the deed was sufficient to support the plea of limitation of five years.

**2.—Limitation of Five Years—Possession.**

To support the five years' statute of limitation the possession must be fair and open and continuous; the mere fencing of land or erecting other improvements thereon will not constitute such possession if unaccompanied by actual occupancy or open use.

ON MOTION FOR REHEARING.

**3.—Tenants in Common—Mutual Obligations.**

It is generally true that a tenant in common can not purchase an outstanding title or encumbrance and refuse to permit his cotenant to share in the benefit by bearing his share of the burden. But the rule has important modifications. In this State it is the rule that the mutual obligation between cotenants to protect the common title and share the burden arises only where the parties have acquired the property by the same instrument or act of the parties or of the law, or where there in fact exists between the cotenants a relation of mutual trust and confidence.

Appeal from the District Court of Harris County. Tried below before Hon. Norman G. Kittrell.

*J. E. Niday* and *C. L. Bradley,* for appellant.—The possession of a co-tenant will be presumed to be in right of the common title, and in order to affect the co-tenant with adverse holding notice of such fact must be brought home to him; whatever must be shown in establishing

an ouster and an adverse right by limitation must be proved by the tenant in common asserting such facts. Moody v. Butler, 63 Texas, 210; Phillipson v. Flynn, 83 Texas, 583; Newcomb v. Cox, 66 S. W. Rep., 338; Wood on Limitations, sec. 266; Acklin v. Paschal, 48 Texas, 177.

To be adverse, the possession must amount to disseizin of the owner, commence and continue under a claim inconsistent with and hostile to the claim of the owner, and be fair and open, as the statute was not made to serve the purpose of artifice or trick. Bracken v. Jones, 63 Texas, 186; Craig v. Cartwright, 65 Texas, 421; Satterwhite v. Rosser, 61 Texas, 170; Mhoon v. Cain, 77 Texas, 316.

*Tharp & Whitehead,* for appellee.—The court committed no error by its peremptory instruction to the jury to find for plaintiff, because plaintiff claimed the lands in controversy under a duly registered deed, perfect in all its parts, and had peaceable and adverse possession, cultivating, using, and enjoying the same, and paid all taxes due thereon for the full period of five years next before his possession was disturbed by Lillian Mellott, who had no interest in the property, and before the filing of this suit. Which evidence was undisputed by the defendants.

*Ewing & Ring,* for appellee, on motion for rehearing, cited: Fielding v. White, 32 S. W. Rep., 1054; 17 Am. and Eng. Ency. of Law, 675 and 678 (2d ed.); Wells v. Heddenberg, 11 Texas Civ. App., 3, 10; 17 Am. and Eng. Ency. of Law, 683-684 (2d ed.); Houston & T. C. Ry. Co. v. Strycharski, 92 Texas, 9; Rev. Stats., art. 1027; Arnold v. Ellis, 48 S. W. Rep., 883-888; 17 Am. and Eng. Ency. of Law, 679 (2d ed.); Mayes v. Manning, 73 Texas, 43-46; Church v. Waggoner, 78 Texas, 200, 203; Cryer v. Andrews, 11 Texas, 170, 181; Puckett v. McDaniel, 8 Texas Civ. App., 630; id., 93 Texas, 693; De Leon v. McMurray, 5 Texas Civ. App., 286; Avery v. Popper & Bro., 92 Texas, 337.

GILL, CHIEF JUSTICE.—This suit was brought on January 16, 1904, by J. B. Cochran in the form of an action of trespass to try title to recover from Alma and Lillian Mellott the title and possession of lot No. 4 and part of lot No. 11, of block 6, of the Hardcastle addition to the city of Houston. Among other things plaintiff specially averred in himself title by limitation of three and five years.

J. E. Niday having been duly appointed guardian *ad litem* for the minor defendant, Alma Mellott, answered pleading not guilty and the ten year statute of limitation.

The Reynolds Lumber Company, which was also made a defendant, pleaded not guilty. Other parties made defendants were dismissed on their disclaimer.

The court, after hearing the evidence, instructed a verdict in favor of Cochran against Alma Mellott and the lumber company, and from a judgment thereon the minor, through her guardian *ad litem,* and the lumber company have appealed.

The facts are as follows: Jesse Shackelford was shown to be common source. His first wife was named Rosa and by that marrige he had two

children, Delia and Tom. Delia is now E. B. Sims and is the wife of Frank Sims. Tom died after his father married a second time and subsequent also to the death of his father. Maria Shackelford, the second wife and widow of Jesse Shackelford, is still alive. Jesse acquired the property during his marriage with his first wife, hence the property was the community property of the marriage.

Upon the death of the first wife her children, Tom and Delia, inherited an undivided half interest. Upon the death of Jesse Shackelford they inherited the remaining half, subject to the homestead claim of the second wife and a life estate in one-third of her deceased husband's interest.

There were no children of the second marriage. Tom died intestate, leaving neither wife nor children surviving him, hence his sister inherited his interest. As between the widow of Jesse Shackelford and his sole surviving child, Mrs. Sims, the title stood in the latter subject to the former's homestead right and life estate.

The property left by Jesse Shackelford in that block consisted of lots 4, 5 and part of lot 11. The surviving widow resided on lot 5, but had all the property in a general enclosure. Only lot 4 and part of lot 11 are in controversy in this suit.

Mrs. E. B. Sims, joined by her husband, sold and conveyed to Lillian Mellott lots 4, 5 and 11 by deed dated February 18, 1899. Lillian Mellott conveyed the same property to Alma Mellott by deed dated March 19, 1901.

The city of Houston sued Maria Shackelford for taxes on the property for the year 1896, amounting to $25.69, and procured a judgment against her foreclosing a tax lien on the property. Under this judgment the right, title and interest of Maria Shackelford was sold by the sheriff as under execution and he duly executed a deed therefor to J. B. Cochran, the purchaser. The date of the sheriff's deed was February 3, 1898, and it was duly placed of record the day of its date. Payment of State and county taxes was shown to have been made by Cochran from that date until the trial.

Thereafter the city of Houston sued Maria Shackelford, J. B. Cochran and Frank Sims and his wife to foreclose a tax lien upon the property for taxes for years prior to 1896. Judgment as prayed for was rendered against the defendants therein. Thereafter the property was sold by the sheriff as under execution and Cochran became the purchaser. The sheriff's deed to him being dated April 6, 1899.

Cochran testified that upon his first purchase at tax sale he went to Maria Shackelford, who was living on lot 5 of the property, the other being under fence in connection therewith, and told her of his purchase. That she turned lots 4 and 11 over to him in this way: "She said, 'there they are, take charge of them,' and I said, 'I have got them,' and that was all the possession I had." Thereafter he had lots 4 and 11 fenced off from lot 5 by running a cross fence, and in 1902 he put a tenant on the lots.

As appellees in their brief do not claim that they can hold by limitation under Maria Shackelford's possession, we do not find it necessary to notice the assignments addressed to that feature of the case.

The court also recognized the fact that Maria, the life tenant of an un-

divided interest, could not under the facts of this case hold adversely to the remaindermen or co-tenants for herself or any other, but proceeded on the theory that the first tax deed executed in pursuance of the judgment and foreclosure, in which she was sole defendant, was sufficient in connection with the other facts to support limitation of five years.

While as a matter of fact the tax deed conveyed only the interest of Maria Shackelford, yet the suit was brought by the city on the theory that the property was hers. The lien was foreclosed as against her upon the entire premises. The deed, though using the quit claim terms of "right, title and interest," on its face purported to pass the entire property. We are inclined to think, therefore, the court was right in holding that the deed would support the plea.

But we think the court was wholly wrong in concluding that the evidence even presented the issue of sufficient possession to support the plea. The proof is undisputed upon the point and shows that the only possession for the first two years after the date of the first tax deed was the fact that the lots were fenced and that Cochran had procured to be built a cross fence whereby they were fenced off from lot 5. The court's error consisted in the holding that the fencing amounted to possession.

The language of the five year statute is opposed to such a holding. There must be adverse possession and cultivation, use or enjoyment in addition to payment of taxes and a registered deed. The possession must be fair and open and continuous. The mere fencing of land or erecting other improvements thereon will not constitute such possession if unaccompanied by actual occupancy or open use. Otherwise a man might enter upon the vacant land of another, build a small house or fence an acre and go off and leave the land wholly unoccupied so that the owner if he saw the unauthorized structures would not be able to make inquiry as to the character of the claim and yet lose his land unless he interrupted the holding by suit. He could not oust the supposed intruder for the intrusion had ceased. The point is decided in Buster v. Warren, 10 Texas Ct. Rep., 99.

Appellee does not seriously contend that by the second tax deed he procured any title. If he acquired anything under the first deed it was a title to an undivided interest equal to the rights of Maria Shackelford in the property. It being the duty of the life tenant to pay the taxes she could not, of course, acquire the title by purchase at tax sale against herself. Cochran claiming under her was a tenant in common with the appellants, and his payment of the taxes either before or after judgment would at most give him an equitable lien on the interests of the co-tenants for such taxes as he paid on the part of the property not included in Maria Sheckelford's life estate.

Because the evidence is undisputed on the issue of limitation and shows that Cochran had no such title, the judgment can not stand. It is therefore reversed and remanded to the trial court with instructions to render judgment in favor of appellants on the issue of title. The question of the equities of Cochran as to taxes paid by him for his co-tenants and the amount of the fee of the guardian *ad litem* are delegated to the trial court for adjustment.

*Reversed and remanded with instructions.*

ON MOTION FOR REHEARING.

At a former day of this term the judgment in this cause was reversed and the cause remanded with instructions to the trial court to render judgment in favor of appellant on the issue of title and to adjust the rights of the parties growing out of the payment of taxes by Cochran.

On motion for rehearing the points are made by appellee for the first time:

1st. That he never was in fact a co-tenant of appellant.

2d. If he was in law and in fact, he nevertheless entered under a hostile claim, and was therefore in a position to purchase his co-tenants' interest at tax sale and preclude the latter from participating in the benefits of the purchase.

3d. If the purchase was made under circumstances which would have permitted the co-tenant to tender his share of the purchase price and demand the right to share in the purchase it is nevertheless true that such tender must be made within a reasonable time, and in this instance, though several years have elapsed, there has been no tender of any kind.

4th. Neither the tender nor the right to make it was pleaded by appellant, and there was therefore no such issue in the case.

Appellee contends that for all these reasons the judgment should not have been rendered here but, at most, the cause should have been remanded generally, and that for the last two reasons it should have been affirmed.

The case was tried in the court below on the theory that the only issue in the case was title in appellee by limitation of five years. A cursory reading of the petition left the impression that the specially pleaded title by limitation was the only title set up, and the trial court and the parties apparently so construed it. The trial court admitted the sheriff's deed made pursuant to the second tax judgment merely as a tax receipt, and this without protest by Cochran either at the time or in the reply brief here. All the parol evidence adduced was addressed to matters affecting the issue of limitation, and it is manifest from the record that that was the only issue tried. This reason alone justifies us in adhering to our conclusion that the judgment should be reversed as counsel do not further press the question of limitation. Inasmuch, however, as the points above named are distinctly made in the motion and accompanying argument and now appear to be presented by the record we are equally clear that we should not have remanded with instructions.

It is generally true that a tenant in common can not purchase an outstanding title or encumbrance and refuse to permit his co-tenant to share in the benefit by bearing his share of the burden. But the rule has important modifications in all jurisdictions.

If the claimants, though tenants in common in fact, are yet asserting hostile claims against each other, the rule that the one may share in the result of the other's efforts for the protection of the common title does not apply. Or if the title claimed in common is not merely defective but is a nullity, either may buy the real title for himself alone.

If a tenant in common buys at a foreclosure sale of the property

under incumbrance which is a charge upon the whole, or if he buys an outstanding title in perfection or protection of the common title, the right of the passive co-tenant is an equity which, in order to ripen into a fixed right, he must follow by an offer within a reasonable time to bear his share of the expenses which the active co-tenant has incurred for the common protection.

On the other hand, if one tenant in common discharges incumbrances, or purchases claims which are a charge upon the common title, he thereby acquires an equitable lien upon the co-tenant's interest to the extent of the co-tenant's liability.

But, in any event, there must be notice to the co-tenant either actual or constructive that the purchase has been made or the claim paid off and that the tenant is claiming adverse rights thereunder, before the right to contribute and share is cut off.

In this State the general rule is subject to a fundamental modification, which though apparently against the weight of outside authority, seems, nevertheless, to be firmly established. It is in regard to the facts out of which this mutual obligation may grow.

It is the rule in this State that the mutual obligation arises only where the parties have acquired the property by the same instrument or act of the parties or of the law. (Fielding v. White, 32 S. W. Rep., 1054, and authorities cited.) Or else when there in fact exists between the co-tenants the relation of mutual trust and confidence.

It is apparent, in view of the theory on which the case was tried, that had the trial court found against appellee on limitation he would have rendered judgment awarding appellee such interest as he acquired under the first sheriff's deed and a lien on appellants' interest for their share of the purchase price at the second tax sale.

Inasmuch as the validity of the second tax deed was not adjudicated nor the rights of the parties as co-tenants inquired into and determined, our former order is modified and the cause remanded generally. To this extent the motion for rehearing is granted.

We do not think the evidence presents the issue of partition between Mrs. Shackelford and the owners of the fee.

*Reversed and remanded without instructions.*