JOHNSTON v. JOHNSTON. (No. 1984.)

(Court of Civil Appeals of Texas. Texarkana. June 6, 1918. Rehearing Denied June 27, 1918.)

1. TRUSTS ⊜35(2) — AGREEMENT TO BUY LAND.

Where plaintiff and defendant agreed to jointly acquire certain land, defendant to furnish all the money and to be thereafter repaid by plaintiff, defendant, in taking the title in his own name, held an undivided one-half interest in trust for the benefit of plaintiff.

2. TENANCY IN COMMON ⊜19(1) — REDEMPTION BY ONE TENANT.

As a general rule, the redemption of the common property by one tenant in common, whether accomplished by the acquisition of the incumbrance or by the purchase of the property at a foreclosure sale, will inure to the benefit of the joint owners.

3. TENANCY IN COMMON ⊜19(5) — REDEMPTION BY ONE TENANT—CONTRIBUTION.

A tenant who redeems the common property from an incumbrance has a right to contribution from his co-owners, and as between him and defaulting cotenants the lien is not extinguished, but is kept alive for his benefit, and may be foreclosed upon the failure of the co-owners to reimburse him within a reasonable time, and the redeeming tenant becomes subrogated to the rights of the original lienholder.

4. TRUSTS ⊜362—ENFORCEMENT—DEFENSES.

Where two heirs agreed to acquire joint title to property, in which they had an interest as heirs, by purchasing a mortgage thereon, foreclosing it, and buying in the property, and paying each of the other heirs $40 for his or her interest, and did acquire the property by foreclosure, the right of one of the purchasers to compel the other to make a division of the property, title to which had been taken in the other's name, was not affected by failure to pay the other heirs $40 each, since the other heirs alone could complain of such failure.

Appeal from District Court, Cherokee County; L. D. Guinn, Judge.

Action by D. J. Johnston against E. B. Johnston. From judgment for plaintiff, defendant appeals. Affirmed.

Perkins & Perkins and Thos. Shearon, all of Rusk, for appellant. Norman, Shook & Gibson, of Rusk, for appellee.

HODGES, J. The appellee brought this suit against the appellant for the purpose of recovering title and possession of an undivided half interest in 70 acres of land fully described in his pleading. He relied for title upon proof of a parol agreement between himself and the appellant, under the terms of which the latter was to take up and foreclose a mortgage on the land and buy it at the execution sale for their joint benefit. The facts show that in 1914 or prior thereto W. S. Johnston, the original owner of the land in controversy, died, leaving as his only heirs his mother and several brothers and sisters, among whom were the parties to this suit. At the time of his death the land was incumbered with a mortgage for $250. Some time later the mother died, leaving the entire property to her children. According to the testimony of the appellee, which was not disputed, he and the appellant determined to acquire the exclusive ownership to be shared by them equally. They entered into an agreement to purchase the mortgage debt and to pay each one of the heirs $40 for his or her interest. The appellant was to furnish the money for this purpose, half of which was to be repaid by the appellee at some future time not definitely agreed upon. The appellant thereafter purchased the outstanding debt and lien, and took an assignment thereof in his own name, but for the benefit of the appellee also. For some reason which does not clearly appear they abandoned the agreement to pay each of the other heirs $40; but a foreclosure suit was filed by the appellant, in which the remaining brothers and sisters, including the appellee, were made parties defendant. That suit resulted in a judgment in favor of the appellant for the amount of the debt and a decree foreclosing the mortgage on the property. On the day of sale both the appellant and the appellee were present, and by agreement one of the attorneys in the foreclosure suit did their bidding and purchased the property. The appellant furnished the money to pay off the judgment and costs, and the deed was made to him alone. In the trial below the court found as a fact that prior to that transaction it had been agreed between the appellant and the appellee that the deed should be made to them jointly, and there is sufficient evidence to support that finding. The evidence further shows that the appellant and the appellee subsequently went into possession of the land, made improvements thereon, and shared equally in the rents and benefits resulting from the occupancy. Prior to the present suit appellee offered to pay to the appellant one-half of the purchase price together with the interest which had accrued, and demanded a deed; but this was refused by the appellant, who then set up a claim of exclusive ownership. The institution of this suit followed, accompanied by a tender of the amount due.

[1] The assignments of error urged by the appellant raise the question of the sufficiency of the evidence to sustain certain specific findings of fact mentioned in the conclusions filed by the trial court. Without reference to any particular finding, we think the evidence abundantly sustained the general conclusion upon which the judgment must rest; that the parties to this suit had agreed to jointly acquire the land; that the appellant was to furnish all of the money and to be thereafter repaid by the appellee; and that the appellant in taking the title in his own name held an undivided one-half interest in trust for the benefit of the appellee. Stafford v. Stafford, 96 Tex. 106, 70 S. W. 75; Gardner v. Randell, 70 Tex. 453, 7 S. W. 781; Hirshfeld v. Howard, 59 S. W. 55; Id., 60 S. W. 806.

[2, 3] The validity of the foreclosure judgment is assailed upon the ground that the purchase of the mortgage debt by one tenant in common inured to the benefit of the other joint owners, and that the sale made at the instance of the appellant was void. As a general rule the redemption of the common property by one joint tenant, whether accomplished by the acquisition of the incumbrance or by the purchase of the property at a foreclosure sale, will inure to the benefit of the joint owners. Roberts v. Thorn, 25 Tex. 735, 78 Am. Dec. 552; 7 R. C. L. p. 857 et seq. But the tenant who redeems has a right to demand contribution from his coowners. As between him and defaulting cotenants the lien is not extinguished, but is kept alive for his benefit, and may be foreclosed upon the failure of the co-owners to reimburse him within a reasonable time. Niday v. Cochran, 42 Tex. Civ. App. 292, 93 S. W. 1029; Hogan v. McMahon, 115 Md. 195, 80 Atl. 695, 24 Ann. Cas. 1912C, 1260; Starkweather v. Jenner, 216 U. S. 524, 30 Sup. Ct. 382, 54 L. Ed. 602, 17 Ann. Cas. 1167, and notes; 7 R. C. L. p. 868. The tenant who redeems the common property becomes subrogated to the rights of the original lienholder. But this case is not one in which cotenants are disputing the claim of another tenant who asserts an exclusive title to the common property acquired under such circumstances. On the contrary, it is one in which the joint owners have apparently for several years acquiesced in the sale and purchase by one of their number. The assault upon the validity of the transaction is made by the tenant who exercised that privilege and who now seeks to impeach his own title.

[4] The appellant also contends that his and the appellee's failure to carry out their agreement to pay each of the heirs $40 for their respective interests vitiated their contract with each other for a purchase and division of the land. Assuming that such an agreement was made with the heirs, it was for their benefit, and the heirs alone could complain of the failure on the part of the appellant and appellee to perform it.

We think it unnecessary to discuss the assignments of error in detail. Upon the merits of the case justice has been done, and the judgment should be affirmed.