## MAGRUDER v. JOHNSTON et al.
### (No. 2365.)

(Court of Civil Appeals of Texas. Texarkana. July 1, 1921. Rehearing Denied July 2, 1921.)

1. **Tenancy in common** ☞19(4) — Cotenant buying at foreclosure sale takes title as trustee.

A cotenant buying at a foreclosure sale takes title for himself and as trustee for the other cotenants.

2. **Tenancy in common** ☞19(5)—Duty to contribute begins with disbursement of funds for benefit of joint estate.

The duty of cotenants to contribute their proportionate part to the discharge of a common debt paid by one of them only begins with the disbursement of funds for the benefit of the joint estate.

3. **Subrogation** ☞3(4), 41(1) — Tenant in common, acquiring incumbrance, is subrogated to rights of lienholder, and may foreclose, if other cotenants fail to contribute.

A tenant in common, who acquires an outstanding incumbrance against the common property, becomes subrogated to the rights of the lienholder whose claim he discharges, and may foreclose such lien in the event the other cotenants fail or refuse to contribute their proportionate part to the discharge of the common debt.

4. **Tenancy in common** ☞19(5) — Purchaser from cotenant, who had purchased mortgage and foreclosed against cotenants, held entitled to oust them.

Where one of several tenants in common purchased a mortgage against the property, and on the failure of the other cotenants to reimburse him foreclosed it, and purchased the property for the joint benefit of himself and one of such cotenants, to whom was assigned a portion of such property, on recovery by him of a judgment for an undivided one-half interest therein, a purchaser of such portion was entitled to recover possession thereof from the remaining cotenants, by whom he had been ejected; their offer of contribution, first made in the proceeding to oust them from possession, coming too late.

Appeal from District Court, Cherokee County; L. D. Guinn, Judge.

Suit by E. G. Magruder against Dave Johnston and others for the recovery of land. From a judgment awarding title to plaintiff, with right of redemption to defendants, plaintiff appeals. Reversed, and judgment rendered for plaintiff for title and possession.

Norman, Shook & Gibson, of Rusk, for appellant.

Perkins, Perkins & Shearon, of Rusk, for appellees.

HODGES, J. This suit involves the title to 30 acres of land, a part of a 70-acre tract formerly owned by W. S. Johnston, who died about the year 1913. It is agreed that W. S. Johnston is the common source of title. Prior to his death Johnston had mortgaged the entire tract to secure a debt of $250. He died leaving the debt unpaid. The title descended and vested in his five brothers, E. B. Johnston, D. J. Johnston, Tom Johnston, Jack Johnston, and Dave Johnston. In 1914 E. B. Johnston, one of the brothers, purchased the debt and lien, which at that time amounted to $307.85. Some time later he instituted suit thereon, making his four brothers parties defendant. In that suit he sought and obtained judgment establishing his debt, and an order foreclosing his lien and directing a sale of the land. In due time the land was sold by the sheriff, and was purchased by E. B. Johnston. The other brothers knew the judgment had been rendered, and knew of the sale, and of the purchase by E. B. Johnston. Each one of them had been legally cited, but none of them made any appearance in the case, nor did they make any objection to the sale.

After the purchase by E. B. Johnston at the sheriff's sale, a controversy arose between him and his brother D. J. Johnston. The latter claimed the existence of an agreement between him and his brother, E. B. Johnston, by which E. B. Johnston was to purchase the property for their joint benefit, and to give him (D. J. Johnston) an opportunity to pay his half of the purchase price when he became able. In the litigation which followed between those two, D. J. Johnston recovered a judgment for an undivided one-half interest in the 70-acre tract, upon the ground that a trust to that extent had arisen in his favor by virtue of the agreement above mentioned. See Johnston v. Johnston, 204 S. W. 469. A partition of the 70 acres was thereafter made between E. B. and D. J. Johnston; 30 acres being assigned to the latter. The report of the commissioners appointed for the purpose of making partition was approved and entered on January 23, 1920. On the same date D. J. Johnston sold and conveyed the 30 acres which had been set apart to him to the appellant, Magruder. The latter went into possession, but was thereafter forcibly ejected from the premises by Dave Johnston, one of the appellees in this appeal. In February following Magruder filed this suit for the recovery of the land, naming as defendants Tom Johnston, Dave Johnston, and Jack Johnston. At the same time he applied for and secured a writ of sequestration, which was levied upon the land. Later the appellees regained possession by the execution of a replevin bond.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The defendants answered by a plea of not guilty, and specially pleaded, in substance, that D. J. and E. B. Johnston entered into a conspiracy to defeat the equity of the defendants in the 70-acre tract of land, and in pursuance of that conspiracy E. B. Johnston purchased the note and deed of trust from the original holder in April, 1914, filed a suit of foreclosure against the defendants, and obtained a judgment thereon, and an order of sale ·directing the sale of the land, at which sale E. B. Johnston became the purchaser, for the benefit of himself and D. J. Johnston. They further state the facts, detailing, in substance, the history of the litigation which followed between E. B. and D. J. Johnston and the judgment rendered in that suit. They also allege that E. B. Johnston had agreed to pay each one of them $40 for his interest in the land. The answer then continues as follows:

"These defendants say that by reason of the repudiation on the part of E. B. Johnston of his agreement to pay these defendants $40 each for their equity in said land, these defendants are no longer bound by said agreement, and are entitled to a three-fifths undivided interest in said land, subject to an adjustment of equities between these defendants, and D. J. Johnston; that by reason of said secret trust in favor of D. J. Johnston, raised by the conspiracy between D. J. Johnston and E. B. Johnston above alleged, D. J. Johnston took five-tenths interest in said land in trust—that is to say, one-tenth for himself, one-tenth for E. B. Johnston, and three-tenths for defendants—and after partition held the land·sued for in trust for himself and these defendants, viz. two-fifths for himself, and three-fifths for these defendants.

"Defendants come now and tender to plaintiff the sum of $167.58, to wit, three-fifths of the amount paid D. J. Johnston to E. B. Johnston, as settled, and adjusted by this court, and interest thereon from January 2, 1920, and as to any further amounts paid by D. J. Johnston these defendants say that they are ready, able, and willing to pay plaintiff such amount as they may in equity be adjudged to pay."

Supplemental pleadings were filed by both parties, but they present no facts necessary to be discussed in this appeal. The court gave the following charge:

"You will return a verdict for the plaintiff, E. G. Magruder, for the land described in plaintiff's petition, and you will return a verdict in favor of the defendants, that the defendants shall pay to the plaintiff or into the hands of the district clerk of Cherokee county, within ten days from this date, three-fifths of the amount of the deed of trust given by E. S. Johnston to N. A. Slover, together with 10 per cent. interest on same from date of judgment to this date, three-fifths the amount of taxes paid by the plaintiff, or those under whom he holds, with 6 per cent. interest from the date of payment of same, and two-fifths of the rent for the place for the land for the year 1920,

together with three-fifths of the amount of partition suit or cost in case of D. J. Johnston v. E. B. Johnston, with interest on same from date at the rate of 10 per cent. from date of payment."·

A judgment was rendered awarding the appellant, Magruder, title to the land, but adjudging that the appellees Dave, Tom, and Jack Johnston have the right of redemption. It is ordered that if they shall, within 10 days from the date of the judgment, pay into the registry of the court the sum of $452, which includes two-fifths of $150 (the value of the rents), then that they have title to an undivided three-fifths interest. Magruder appeals, and contends that under the facts the court should have peremptorily instructed a verdict in his favor for title to all of the land and the rents for one year.

[1-3] In support of the charge counsel for appellees state the following proposition: (1) A cotenant buying at a foreclosure sale takes title for himself and as trustee for the other cotenant. (2) The duty of cotenants to contribute only begins with the disbursement of funds for the benefit of the joint estate. Conceding the correctness of the legal propositions above stated, it by no means follows that the appellant was not·entitled to recover all that he sued for. A tenant in common, who acquires an outstanding incumbrance against the common property, becomes subrogated to the rights of the lienholder whose claim he discharges. If he had a lien, he may foreclose it in the event the other cotenants fail or refuse to contribute their proportionate part to the discharge of the common debt. Niday v. Cochran, 42 Tex. Civ. App. 292, 93 S.·W. 1027; 7 Ruling Case Law, p. 873, and numerous cases cited in notes.

[4] The facts in this case upon the material issues are undisputed. E. B. Johnston acquired the mortgage, for which he paid $307.85. There is nothing in the evidence to indicate that he did this unfairly or for an improper purpose. While a conspiracy is alleged, none was proven. He then held a valid claim for four-fifths of that amount against the four-fifths of the land owned by his four brothers. Upon their failure to reimburse him for the sums which he had expended for the common benefit, he had the right to subject their interests to the payment of the debt. This he did in the suit filed in 1914. There is nothing in the record to indicate that the judgment procured in that suit was irregular or invalid. At the sale which followed E. B. Johnston had a legal right to purchase the property. Any other joint owner might have exercised the same privilege, and the purchaser, whoever he might be, would take the property free from the claims of the former owners, who held by inheritance from their deceased

brother. Their right of redemption had been foreclosed. Whatever right any of them might thereafter assert would depend upon some appropriate agreement regarding the sale and purchase under the judgment rendered in favor of E. B. Johnston. While there is some reference in the pleadings to an agreement, there is no evidence of any which could legally form the basis of a trust in favor of the appellees. The offer of contribution made in this proceeding comes too late.

Whether E. B. Johnston purchased for himself alone, or for himself and his brother D. J. Johnston, the result would be the same in so far as the interests of the other joint owners are concerned. Whatever title E. B. Johnston acquired by his purchase he shared with D. J. Johnston. Each title rested upon the same judicial proceedings. Counsel for the appellees concede that the title of E. B. Johnston to his portion of the land is valid. The same legal basis also supports the title of D. J. Johnston. The title of D. J. Johnston passed to the appellant without any qualification, and is equally free from assault in his hands.

We are of the opinion that the appellant's assignments should be sustained, and the judgment should be reversed, and here rendered in his favor for the title and possession of the entire 30-acre tract, and for $150, the agreed value of the rents for one year. It is further ordered that the appellees pay all costs, both of this court and of the court below.