**BROKAW et al. v. RICHARDSON et al.**
**(No. 10316.)**

(Court of Civil Appeals of Texas. Fort Worth.
June 16, 1923. Rehearing Granted
Nov. 10, 1923.)

**1. Tenancy in common ⊕⟿19(2)—No mutual obligation between tenants acquiring their interests under different instruments.**

In Texas, when tenants in common acquire their interests under different instruments, at different times, no mutual obligation arises between them that an outstanding title, purchased by one of them, will inure to the benefit of the others on their tendering their share of the cost of acquisition.

*On Rehearing.*

**2. Tenancy in common ⊕⟿19(2)—Under facts held a cotenancy created by the same act of law.**

As regards purchase of outstanding title, there is a cotenancy created by the same act of law between plaintiffs, who, by the death of their mother, acquired the legal title in remainder to land, and defendant, purchaser from their father of the life estate therein, which he acquired by such death.

**3. Tenancy in common ⊕⟿19(2)—Where life tenant permitted forfeiture and purchased land, remaindermen entitled to benefit.**

A life tenant, between whom and the remaindermen there is a cotenancy created by the same act of law, causing or fraudulently permitting a forfeiture of the land to the state for nonpayment of part of purchase price and interest due, and then purchasing the land from the state, the purchase inures to the benefit of all the cotenants; the others offering in a reasonable time to pay what was paid out on their behalf.

Appeal from District Court, Stephens County; C. O. Hamlin, Judge.

Action by Charles A. Brokaw and others against Mrs. Nannie Richardson and others. From an adverse judgment, plaintiffs appeal. Reversed and remanded.

Phillips, Trammell & Chizum, Levy & Evans, Capps, Canty Hanger & Short, and E. S. McCord, all of Fort Worth, for appellants.

N. N. Rosenquest, of Eastland, and W. H. Sewell, of Breckenridge, for appellees.

BUCK, J. Chas. P. Brokaw, guardian of the estate of Chas. A. Brokaw, a minor, and suing herein in behalf of said minor, as well as individually, Austin Wiggins, and Mrs. Gussie Hill, joined by her husband, R. Dennie Hill, sued Mrs. Nannie Richardson, a widow of W. B. Richardson, deceased, Mrs. Emma Dickenson and her husband, O. E. Dickenson, Mrs. Vera Matthews and her husband, D. M. Matthews, Mrs. Mabel White and her husband, R. M. White, and Rupert N.

Richardson and wife, Pauline Richardson, in trespass to try title. Plaintiffs pleaded that Mrs. Gussie Hill and Austin Wiggins were the children of Lucinda F. Wiggins, deceased, and that Chas. A. Brokaw was the grandson of Lucinda F. Wiggins, being the child of Mattie Wiggins, who later married Chas. P. Brokaw, the mother having died prior to the suit. It was alleged that on or about January 29, 1890, Mrs. Lucinda F. Wiggins purchased with her separate means and for the benefit of her separate estate the southwest quarter of section 8, in block 3, of the Southern Pacific Railway Company survey in Stephens county; said land having been purchased from the state of Texas by A. H. Birchfield on or about February 4, 1882. It was further alleged that Mrs. Lucinda F. Wiggins died intestate and left as her sole and surviving heirs her husband, B. F. Wiggins (he being still alive), and the plaintiffs Austin Wiggins and Mrs. Gussie Hill and Mrs. Mattie Wiggins. It was alleged that the children of Mrs. Lucinda F. Wiggins inherited the land as part of the estate of their mother, subject to the life estate of their father in one-third thereof; that on or about September 30, 1896, W. B. Richardson purchased from B. F. Wiggins and his then wife, Effie E. Wiggins, all the right, title, and interest of said B. F. Wiggins in and to said described property, which interest was conveyed to the said Richardson by quitclaim deed; that said Richardson well knew at the time of said conveyance of the right, title, and interest in and to said property, owned and claimed by the plaintiffs, said plaintiffs being at the time minors of tender age; and that said Richardson was expressly informed at said time that said deed of conveyance did not convey, nor purport to convey, the title to the property now claimed and asserted by the plaintiffs.

Plaintiffs further alleged that the land involved was unpatented school land, and at the time B. F. Wiggins and his second wife conveyed the interest of Wiggins to Richardson there was then due and unpaid a portion of the purchase money for said land, together with several years' interest on said unpaid portion of said purchase money; that said Richardson, with fraudulent intent of defeating the rights of these plaintiffs to said land, invited a forefeiture by the state of Texas of the rights of the plaintiffs in said land, as well as his own rights therein, in order that he might thereafter repurchase said property from the state of Texas and thereby fraudulently deprive the plaintiffs of their right and title to said land. In the alternative, plaintiffs alleged that, if they were mistaken in the allegation that said forfeiture was invited by the said W. B. Richardson, with the fraudulent intent as above set out, that W. B. Richardson, as the co-

tenant of the plaintiffs, and for the use and benefit of himself as well as for the use and benefit of the plaintiffs as his cotenants, invited said forfeiture in order that thereby the payment of several years' back interest on the unpaid portion of the purchase money might be avoided, and for the further purpose of securing for the benefit of all the then owners of said land a reduced rate of interest, made and provided by an act of the Legislature subsequent to that under which said land had been purchased and awarded to A. H. Birchfield; that on or about May 25, 1898, the rights of the assignees of said Birchfield in and to the said land and property was by the state of Texas forfeited for the nonpayment of interest accrued subsequent to the 1st day of January, 1890, and thereafter on or about July 7, 1898, the said W. B. Richardson, in pursuance of his intent and purpose as heretofore alleged, filed, in the manner and method provided by law, his application in the land office for the purchase of said land; that during all of this time said Richardson was in possession of said land and property and enjoying the use thereof and the rents and revenues therefrom. Wherefore plaintiffs alleged that the acts of Richardson in the repurchase of the land from the state of Texas was made and inured to the benefit of all the then owners and his cotenants in the title to said property.

It was further alleged that Richardson had taken and converted the rents from said land to his own use and benefit, and on or about July 1, 1919, excluded the plaintiffs from the possession of the said land and the rents and revenues therefrom and seized the same, and since said date had been holding the same adversely to the right, title, and interest of the plaintiffs; that plaintiffs were not advised of and had no knowledge of the fact that said Richardson and defendants herein had invited and procured a forfeiture by the state of Texas of the rights of plaintiffs and the defendants as assignees of said Birchfield, until about said July 1, 1919. Plaintiffs offered to do such equity as the court might require, and make all such payments as the court might conclude were equitable.

The court sustained a general demurrer to the plaintiffs' petition, and the plaintiffs have appealed.

[1] Appellants urge that W. B. Richardson, the deceased husband and father of the defendants, was the assignee or purchaser of the interest of appellants' cotenant, B. F. Wiggins, which fact created the relation of tenants in common between appellants and appellees; that a fiduciary relation exists between tenants in common, and each cotenant is bound to do no act prejudicial to the interest of his cotenant. Therefore the purchase of the outstanding title from the state in 1898 by said Richardson, he being at that time a cotenant in possession, inured to the benefit of appellants; hence the court erred in sustaining the general demurrer to the petition.

Appellees urge that the alleged tenancy in common between appellants and W. B. Richardson was not created by the same instrument or act of the parties or of the law, and the petition of plaintiffs not alleging any special fiduciary relation or relation of mutual trust and confidence between appellants and said W. B. Richardson, nor any obligation, contractual or otherwise, on the part of the said W. B. Richardson to protect the alleged common title, the lower court did not err in sustaining the general demurrer.

The case of Roberts v. Thorn, 25 Tex. 728, 78 Am. Dec. 552, is cited by both appellants and appellees. In this case Chief Justice Wheeler, speaking for the Supreme Court, held, quoting from the syllabus:

"Where tenants in common of a tract of land acquired their interests under different instruments, purchased at different times, and there being no agreement between them respecting the title, if one of them obtains a superior outstanding title, or, as in this case, in order to protect his own doubtful title, locates and causes to be patented the land so held by them as tenants in common, such acquisition by him does not inure to the benefit of the other, although the other offer to pay his ratable proportion of the outlay and expenses of his cotenant in procuring such title."

In Reich v. Sanford, 1 Lead. Cas. Eq. 74, 75, cited in Roberts v. Thorn, supra, the following is said:

"Tenants in common probably are subject to this mutual obligation only where their interest accrues under the same instrument or act of the parties or of the law, or where they have entered into some engagement or understanding with one another; for persons acquiring unconnected interests in the same subject, by distinct purchases, though it may be under the same title, are probably not bound to any greater protection of one another's interest than would be required among strangers."

With reference to the principle announced in the above quotation, Judge Wheeler, in Roberts v. Thorn, says:

"This is believed to be a proper qualification of the doctrine as applied to tenants in common; and, applied to the present case, it cannot, we think, be held that the title acquired by Thorn inured to the benefit of plaintiff's testator. Their interests did not accrue under the same instrument, but they purchased at different times, by different instruments; and there is no averment of any agreement between them respecting the title. It is averred that the defendant's testator had brought suit to recover the possession, and gave notice to the plaintiff's testator of the pendency of the suit, and requested him to furnish counsel to assist in the prosecution of it, which he did. This can scarcely be said to be a sufficient allegation

of an agreement between the parties to unite in defending and upholding the title."

In Rippetoe v. Dwyer, 49 Tex. 498, Id., 72 Tex. 525, 10 S. W. 668, it was held that parties acquiring title to a part of a tract of land, subject to an incumbrance by different instruments and at different times, there being no agreement between them respecting the title, are under no such relation to each other as to prevent one of them from purchasing such incumbrance, or an outstanding title to the whole tract, in his own right. The decision in Roberts v. Thorn, supra, is cited with approval.

In Niday v. Cochran, 42 Tex. Civ. App. 292, 297, 93 S. W. 1027, 1029, it is said:

"It is the rule in this state that the mutual obligation (between cotenants) arises only where the parties have acquired the property by the same instrument or act of the parties or of the law. Fielding v. White (Tex. Civ. App.) 32 S. W. 1054, and authorities [there] cited. Or else when there in fact exists between the cotenants the relation of mutual trust and confidence."

In Tiffany on Real Property, vol. 1, p. 692, § 201, it is said:

"In this country, it is considered that the community of interest between cotenants of land is such that it is not consistent with good faith or with the duty which each owes to the other that either of them should purchase and set up as against the others an outstanding adverse title, and consequently a conveyance of such title to one tenant is regarded as inuring to the benefit of all, provided the other or others contribute a proportionate part of the cost of procuring it. A few decisions hold, however, that the doctrine applies only when the cotenants claim under the same title, and that, when tenants in common claim under different titles, there is no such relation of trust and confidence as calls for the application of the rule."

In the note under the last sentence of the above quotation supporting authorities are cited from Arkansas, Indiana, Tennessee, Wisconsin, New York, and the case of Roberts v. Thorn, supra.

In 7 R. C. L. § 52, p. 860, it is said:

"Tenants in common are subject to this mutual obligation only where their interest accrues under the same instrument, or act of the parties, or of the law, or where they have entered into some engagement or understanding with one another; for persons acquiring unconnected interests in the same subject, by distinct purchases, though it may be under the same title, are not bound to any greater protection of one another's interests than would be required among strangers. If their interests accrue at different times, and under different instruments, and neither has superior means of information respecting the state of the title, then either party, unless he employs his cotenancy to secure an advantage may acquire and assert a superior outstanding title, especially where the cotenants are not in joint possession of the premises."

See 38 Cyc. § (b), p. 44, and authorities cited under note 69.

Whatever may be the rule in other jurisdictions, we believe that the authorities of this state hold that, where tenants in common acquire their interest under different instruments, and at different times, no mutual obligation arises between tenants in common that an outstanding title purchased by one of the cotenants will inure to the benefit of other cotenants upon payment of their pro rata part of the purchase price.

In McPheeters v. Wright, 124 Ind. 573, 24 N. E. 738, 9 L. R. A. 176, it was held that, where a testator devised school lands which he held on contract, and on which he lived, to his wife for life, and she continued to live on the premises and paid the interest on the contract until her death, the testator's children inherited the land from him as tenants in common, and that the assignee of the interest of one of the children could not acquire title, as against the assignee of the interest of another of the children, by purchase under a forfeiture sale, inasmuch as the incumbrance was created by a former owner, under whom both parties claimed title as tenants in common. In this case the court said:

"The general rule is that a cotenant's purchase of an outstanding title inures to the benefit of all whether the several interests of the different tenants accrue under the same instrument, under different instruments, or by acts of law, and in some states this rule seems, to apply, however the tenancy may have been formed, whatever the relation of the cotenants with each other may have been, and from whatever source the outstanding title may have been acquired. * * * 'But in other states this rule applies only when the tenants stand in some confidential relation in regard to one another's interest, so that it would be inequitable to permit one to acquire a title solely for his own benefit, in which case he will be treated as a trustee for the share of his cotenant, but persons acquiring unconnected interests in the same subject are not, it appears, bound to any greater protection of one another's interests than would be required of strangers.'"

To support the rule last stated, Roberts v. Thorn, supra, and other authorities are cited. It is stated in the opinion that Indiana is in accord with the general rule, and therefore not in accord with the rule as laid down by the Supreme Court in Texas.

We conclude that, under the authorities in this state, the petition of the plaintiffs was subject to a general demurrer, and that the trial court did not err in sustaining the general demurrer.

The judgment is affirmed.

### Appellant's Motion for Rehearing.

[2, 3] Upon a further consideration of the question involved in this case, we have con-

cluded that we erred in our disposition of the cause upon original hearing. We have concluded that plaintiffs below and appellants here did allege facts showing the creation of a cotenancy between them and defendants created by the same act of law. When Lucinda F. Wiggins died, leaving the property in controversy, by the same act of law the plaintiffs acquired the legal title in the remainder therein, and their father, B. F. Wiggins, acquired a life estate therein; thus they become cotenants. When W. B. Richardson purchased the life interest in the land involved, he in turn became a cotenant with plaintiffs. He did not acquire by such purchase any title to the fee in the land, but merely the rights of occupancy during the life of B. F. Wiggins. Therefore, under Roberts v. Thorn, supra, Richardson, father of defendants below, and plaintiffs became by the same act of law cotenants. If so, Richardson was under obligation to do no act either of commission or omission which would destroy the remainderman's title. If he caused the forfeiture by the state for the nonpayment of interest, or fraudulently permitted said forfeiture to occur for the purpose of buying it again from the state, the plaintiffs, as cotenants, would have the right, upon payment of the amounts paid out on their behalf by Richardson to the state, to have their title to the property established. The possession of a life tenant, or of his assignee, cannot be adverse to the holder of the legal title in remainder. 17 R. C. L. p. 643, § 33. A life tenant is under obligation to preserve the estate and to pay off the interest on existing incumbrances. 17 R. C. L. p. 639, § 29. It is a general rule that, if he is compelled to pay the principal sum of the debt, he is entitled to reimbursement or contribution from the reversioner or remainderman. One tenant in common will not be permitted to inequitably acquire title to the common property, solely for his own benefit or to the exclusion of his cotenants; the general rule being that the purchase or extinguishment of an outstanding title to an incumbrance upon, or a claim against, the common property by one tenant in common inures to the benefit of all the co-owners (Rippetoe v. Dwyer, 49 Tex. 498; Anderson v. Clanch [Tex. Sup.] 6 S. W. 760; 38 Cyc. 41), who may, within a reasonable time, elect to avail themselves of the benefit of the purchase of the outstanding interest or conflicting claim, or the removal of the incumbrance from the common property (38 Cyc. 41, 42; Niday v. Cochran, 42 Tex. Civ. App. 292, 93 S. W. 1027; McFarlin v. Leaman [Tex. Civ. App.] 29 S. W. 44). Similarly, if by any fraudulent means the title to the common property is taken by one of the cotenants, he, upon timely complaint, by one or more of the injured persons, will be declared to hold the title thereto as trustee for their benefit (38 Cyc. 42; Clevenger v. Mayfield [Tex. Civ. App.] 86 S. W. 1062).

Upon the whole, we now think the original petition of plaintiffs was not subject to a general demurrer, and that the trial court erred in so holding. The motion for rehearing is granted, and the judgment below will be reversed, and the cause remanded, for further proceedings not inconsistent with this opinion.