## HACKER v. HACKER et al.

Court of Civil Appeals of Texas. Galveston.
March 8, 1928.

**1. Receivers ⚌77(2)—Sale under trust deed of property placed in charge of receiver held void, where had without court's consent.**

Where court acquired jurisdiction over property in divorce proceedings and appointed receiver to take charge of it and dispose of it in accordance with the decree, sale of property without court's consent under trust deed, for foreclosure of trustee's lien, did not affect title held by receiver and was ineffectual to pass any title to purchaser at sale, since property was in custodia legis.

**2. Tenancy in common ⚌19(4)—Outstanding title acquired by divorced wife as tenant in common with former husband inured to benefit of husband.**

Where divorce decree partitioned community property, making husband and wife cotenants, title which wife acquired by virtue of conveyance from purchaser at foreclosure sale under trust deed inured to husband's benefit, since one joint tenant cannot acquire superior outstanding claims against the other.

**3. Tenancy in common ⚌19(1)—One cotenant cannot acquire superior outstanding claim as against the other.**

One cotenant cannot acquire superior outstanding claim as against another so long as relationship of joint tenants continues.

⚌For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Tenancy in common ⬅️⬅️19(5)—Interest of tenant held chargeable with proportion of indebtedness due under trust deed, notwithstanding unauthorized sale of property thereunder and subsequent purchase by cotenant.**

Unauthorized sale of property under trust deed and subsequent purchase thereof by one of cotenants *held* not to discharge indebtedness of other cotenant, but his interest was charged with proportionate amount of indebtedness, which he was required to pay before his title could be perfected.

**5. Tenancy in common ⬅️⬅️28(3)—Cotenant in possession holding under unauthorized foreclosure sale was not liable for rent to cotenant unless she excluded him from joint possession after his offer to pay proportion of indebtedness.**

In suit by tenant to cancel deed to cotenant in possession given under unauthorized foreclosure sale under trust deed, cotenant in possession was not chargeable with rents unless after her purchase she excluded plaintiff from joint possession of property after an offer on his part to pay his proportion of indebtedness, in which case she would be liable for reasonable rental value of plaintiff's interest during period of such exclusion.

**6. Tenancy in common ⬅️⬅️28(3)—Tenant wrongfully excluding cotenant from joint possession is liable for reasonable rental value of other's interest.**

Tenant in common who improperly excludes other tenant from joint possession of property is liable for reasonable rental value of other's interest therein.

**7. Tenancy in common ⬅️⬅️38(13)—Tenant suing cotenant to set aside deeds under unauthorized foreclosure sale was entitled to judgment for his undivided interest or proceeds thereof, charged with indebtedness due by him.**

In suit by tenant against cotenant to set aside deeds given pursuant to unauthorized sale under foreclosure of trust deed, plaintiff was entitled to recover judgment for his undivided interest, charged with amount due by him, or to division of proceeds in case property was incapable of partition.

Error from District Court, Harris County; Chas. E. Ashe, Judge.

Suit by William Hacker against Etta W. Hacker and others. Judgment for defendants, and plaintiff brings error. Reversed and remanded, with instructions.

King & Wood and H. G. Butts, all of Houston, for plaintiff in error.

PLEASANTS, C. J. Plaintiff in error brought this suit against Etta W. Hacker, Sam McNeill, W. S. Hunt, and L. F. Schwiekart, defendants in error. The purpose of the suit is to cancel a deed executed by defendant Hunt to defendant Schwiekart, and a deed executed by Schwiekart to defendant Etta W. Hacker, conveying land described as lot 11 in block 249, south side of Buffalo bayou, in the city of Houston, and to recover of the defendant Hacker an undivided twenty-three twenty-fifths of said land.

Plaintiff's petition alleges, in substance, that by a decree rendered by a district court of Harris county on May 9, 1922, in a suit for divorce and partition of community property brought by him against the defendant Etta Hacker, it was adjudged that he was the owner of twenty-three twenty-fifths and the defendant Etta Hacker two twenty-fifths of the property before described. At the time this divorce and partition decree was rendered the property in controversy was subject to a vendor's lien and deed of trust to secure the payment of $9,000 due the defendant Sam McNeill as part of the purchase money for the property, which amount was payable in monthly installments of not less than $100. In the decree of divorce and partition a receiver was appointed and directed to take charge of the property and directed to sell or rent it and out of the proceeds to pay the debts of the parties and to hold the balance, if any, subject to the further orders of the court. The receiver so appointed qualified as such by taking the oath and filing the required bond. The defendant Etta Hacker has remained in possession of the property continuously since the rendition of this decree and paid no rent therefor. Soon after the rendition of this decree plaintiff removed from Harris county to the state of Colorado, where he now resides, but before leaving he made a verbal agreement with defendant McNeill, who held the indebtedness on the property, that such indebtedness would not be declared due for failure to pay the monthly installments, as provided in the deed of trust, until this defendant had complied with his contract with plaintiff to perfect plaintiff's title to the property.

It is then alleged that in violation of his agreement and without such default in the payment of the monthly installments as would under the original contract between the parties authorize the holder to declare the whole indebtedness due, and while the property was in the custody of the receiver, the defendant McNeill declared the whole indebtedness due, and by conspiring with defendant Mrs. Hacker for the purpose of enabling her to defraud plaintiff of his interest in the property, he procured a sale of the property by the trustee Hunt under the deed of trust executed by the plaintiff; that the defendant Schwiekart was the ostensible purchaser at this sale, but in fact took the title for the defendant Mrs. Hacker and in a few days after the sale conveyed the property to Mrs. Hacker for the exact amount of his bid therefor, he having in fact paid nothing therefor, and defendant McNeill having accepted the obligations of Mrs. Hacker for pay-

⬅️⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ment of the indebtedness due him upon the same terms under which plaintiff acquired the property.

It is further alleged that, by reason of the facts before stated, the title thus acquired by the defendant Mrs. Hacker was held in trust for plaintiff to the extent of his twenty-three twenty-fifths interest in the property, and that he is and has at all times been ready, able, and willing to comply with his original contract and pay whatever may be found due by him under his contract.

The prayer of the petition is for cancellation of the Hunt and Schwiekart deed and recovery of plaintiff's interest in the property and for equity and general relief.

The defendant McNeill answered by general demurrer, special exceptions, and general denial, and further specially pleaded that the sale under the deed of trust was after plaintiff had made default in the payment of installments due under his contract of purchase, had failed to pay taxes due on the property and to keep the property insured as provided in his contract, and by reason of such defaults defendant had the option under his contract with plaintiff to mature the whole indebtedness and foreclose his lien by sale under the deed of trust.

He then specially denied any conspiracy or any dealing with Etta W. Hacker, either directly or indirectly, with reference to the foreclosure of his lien or with reference to a resale thereof to her, but alleged that after said sale had taken place she came to him to enlist his sympathy and assistance to repurchase said property, and he thereupon requested the defendant Schwiekart, the purchaser at the sale, to sell the same to Mrs. Hacker upon the terms stated in the deed evidencing the same, and prays judgment accordingly.

Defendants W. S. Hunt and L. F. Schwiekart filed their joint answer, consisting of general demurrer and general denial and special denial of any conspiracy of any agreement of any kind with any one that did or could in any way affect the validity of the sale under the deed of trust and adopted, so far as applicable to them, all and singular, the allegations contained in the answer of the defendant Sam McNeill.

The trial in the court below resulted in a verdict and judgment in favor of the defendants.

The evidence shows that the property in controversy was conveyed to plaintiff and defendant Etta W. Hacker, who were then husband and wife, by defendant Sam McNeill and wife, on July 1, 1920. This deed recites a consideration of $11,000, of which amount $2,000 was paid by the grantees in cash, and for the remaining $9,000 they executed their note in favor of the grantors payable in monthly installments of not less than $100, with interest at the rate of 7 per cent. per annum. To further secure the pay-

ment of this note, the Hackers executed a deed of trust to W. S. Hunt conveying the property, and authorizing its sale by the trustee on request of the holders of the note in event of default in the payment of the note or the failure of the grantors to comply with any of the conditions and covenants contained in the trust deed.

On May 9, 1922, in a suit for divorce brought by plaintiff against Mrs. Hacker in the district court of Harris county, Eleventh judicial district, and in which the defendant Mrs. Hacker, by her answer therein, asked for a partition of all the property owned jointly by the parties, a decree was rendered, upon the verdict of a jury, granting plaintiff's prayer for divorce and settling the rights of the parties in all of their property.

This decree adjudged and decreed that plaintiff was the owner and entitled to recover from Mrs. Hacker an undivided 2390.59/2568.69 of the property in controversy in this suit, and that the defendant Mrs. Hacker was the owner and entitled to recover of plaintiff the remaining portion of the property. It is further ordered and decreed that a receiver be appointed to sell the property in controversy,

—"with full power and authority to rent, collect the rents therefrom, and to issue his receipts therefor, and to sell said property either at public or private sale subject to the approval of the court, and report said sale at once to this court and to pay the community debts, after the sale of said property, owing by the plaintiff and defendant, as follows:" (Here follows a list of the debts ordered to be paid.)

The bond of the receiver was fixed at $5,000.

It was agreed on the trial that the receiver appointed by the court duly qualified as such. There was no appeal from this decree, it has not been set aside and remains as the final adjudication of the interests of the parties in the property in controversy.

In June, 1922, plaintiff removed from Houston to Denver, Colo., where he now resides.

In July, 1922, defendant McNeill, claiming such default in the monthly payments due on his indebtedness and in the covenants to pay taxes and keep the property insured as authorized him under the provisions of the deed of trust to declare the whole indebtedness due, exercised such option and requested the trustee Hunt to sell the property under the provisions of the deed of trust. In compliance with this request the property was sold by the trustee on August 1, 1922, after due notice in accordance with the terms of the trust deed. At this sale the defendant Schwiekart bid in this property and procured a deed from the trustee. In so obtaining the title Schwiekart paid no money, and was acting as agent for defendant McNeill, and thereafter, on August 10, 1922, he conveyed the property to Mrs. Hacker for a considera-

tion of $300 in cash and a note for the balance of the amount due on the original indebtedness payable in monthly installments of $100.

Upon his qualification the receiver endeavored to obtain an agreement from Mrs. Hacker, who was in possession of the property, to pay $100 per month rent for the premises. She would not agree to pay this amount, nor the sum of $75 per month which the receiver finally offered to take. No steps were taken by the receiver to dispossess her, and she was in possession at the time of the trustee's sale. Some time after the sale the receiver obtained his discharge, and no further action was taken in the court in which the receivership was pending.

Appellant, under proper assignments and propositions presented in his brief, complains of the judgment upon various grounds. The appellees have filed no briefs.

We find it unnecessary to set out or discuss all of the propositions contained in appellant's brief.

[1] We agree with appellant that the sale under the trust deed was unauthorized and did not pass appellant's title to the defendant Schwiekart, because the property at the time of the sale was in custodia legis. The district court of Harris county having acquired jurisdiction over the property by the divorce proceeding, and having appointed a receiver to take charge of it and dispose of it in accordance with the decree of that court, no valid sale of the property could be made under process from any other court without the consent of the court in which the receivership was pending, and for a stronger reason a sale by a trustee foreclosing a lien would not affect the title held by the receiver. Texas Trunk Ry. Co. v. Lewis, 81 Tex. 1, 16 S. W. 647, 26 Am. St. Rep. 776; Wiswall v. Sampson, 14 How. 52, 14 L. Ed. 322; Ellis v. Vernon Ice Co., 86 Tex. 109, 23 S. W. 859; Scott v. Crawford, 16 Tex. Civ. App. 477, 41 S. W. 697.

[2, 3] We also agree with appellant's contention that any title which Mrs. Hacker may have acquired by her conveyance from Schwiekart inured to the benefit of appellant. Mrs. Hacker and appellant being joint tenants, as long as such relationship continued neither could acquire as against the other a superior outstanding claim. The following quotation from the case of Johnston v. Johnston (Tex. Civ. App.) 204 S. W. 469, correctly states the rule and cites many of the authorities sustaining it:

"As a general rule the redemption of the common property by one joint tenant, whether accomplished by the acquisition of the incumbrance or by the purchase of the property at a foreclosure sale, will inure to the benefit of the joint owners. Roberts v. Thorn, 25 Tex. 735, 78 Am. Dec. 552; 7 R. C. L. 857 et seq. But the tenant who redeems has a right to demand contribution from his co-owners. As between him and defaulting co-tenants the lien is not extinguished, but is kept alive for his benefit, and may be foreclosed upon the failure of the co-owners to reimburse him within a reasonable time. Niday v. Cochran, 42 Tex. Civ. App. 292, 93 S. W. 1029; Hogan v. McMahon, 115 Md. 195, 80 A. 695, 24 Ann. Cas. 1912C, 1260; Starkweather v. Jenner, 216 U. S. 524, 30 S. Ct. 382, 54 L. Ed. 602, 17 Ann. Cas. 1167, and notes; 7 R. C. L. 868. The tenant who redeems the common property becomes subrogated to the rights of the original lienholder."

The general rule here stated is approved and followed in the cases of Rogers v. White (Tex. Civ. App.) 194 S. W. 1001, Ford v. Weisher (Tex. Civ. App.) 253 S. W. 958, and Magruder v. Johnston (Tex. Civ. App.) 233 S. W. 665.

[4] Such unauthorized sale of the property and its purchase by Mrs. Hacker did not discharge appellant's indebtedness on the property, and his interest therein is still charged with his proportion of the indebtedness which he must pay before his title can be perfected.

[5, 6] The record does not disclose the amount of such indebtedness, nor to whom it is now due, and the cause must therefore be remanded for an ascertainment of those facts. Mrs. Hacker, being a cotenant with appellant, cannot be charged with rents unless it be shown that after her purchase from Schwiekart she has excluded appellant, after an offer by him to pay his proportion of the indebtedness, from joint possession of the property with her. For such time as she has done this she would be liable for the reasonable rental value of appellant's interest in the property. Autry v. Reasor, 102 Tex. 123, 108 S. W. 1162, 113 S. W. 748.

[7] The judgment of the court below is reversed and the cause remanded, with instructions to the trial court to render judgment for appellant for his undivided interest in the property, charged with such amount as may be found from the evidence to be due by him. If the property is incapable of partition, it should be ordered sold and the proceeds divided in accordance with the equities of the parties under the rules above stated.

Reversed and remanded, with instructions.