### BROUGHAM et al. v. THOMPSON.

### No. 10837.

Court of Civil Appeals of Texas. San Antonio.

Dec. 18, 1940.

A. Leonard Brougham, of Oklahoma City, Okl., Seeligson, Cox & Patterson, of San Antonio, and Hugh L. Steger, of Rankin, for appellants.

B. A. Greathouse, Morriss & Morriss, and Trueheart, McMillan & Russell, all of San Antonio, for appellee.

MURRAY, Justice.

Appellee, D. D. Thompson, instituted this suit in 1939 against A. Leonard Brougham and others, seeking in trespass to try title to recover 1,068 acres of land, more or less, located in Real County, Texas. The usual statutory allegations, coupled with a claim of possession under the three, five, ten and twenty-five year statutes of limitation, were pleaded. The defendants, A. Leonard Brougham and others, including Pecoval Royalty Trust, who claimed to own an undivided one-half interest in the oil, gas and other minerals in said land, answered by a plea of not guilty, of innocent purchaser and plead the four-year statute of limitation as a bar to the effort on the part of Thompson to set aside the mineral deed under which they claim title.

The trial was before the court without a jury and resulted in judgment in favor of D. D. Thompson for the recovery of the fee title to the land, from which judgment A. Leonard Brougham and others, including Pecoval Royalty Trust, have prosecuted this appeal.

Appellants briefly and correctly state the issues involved in this suit as follows, to-wit:

1. "Whether or not the Trial Court erred in holding that the deed from D. D. Thompson to M. B. Leonard was not delivered and that there was no consideration paid to Thompson therefor.

2. "Whether or not the Defendant's motion for continuance should have been granted in view of the fact that the inability of Leonard to attend the trial and testify that the deed was delivered and the recited consideration was paid deprived the Appellants of contradicting the testimony of the Plaintiff, except by the recitation in the instrument and the circumstances surrounding the final location of the instrument in the Appellant's possession more than 20 years after its date, execution and acknowledgment.

3. "Whether or not the co-tenancy created by reason of the conveyance to Leonard and his assignees could be ter-

minated by the purchase by Thompson at the tax foreclosure sale of the interest of his co-tenants and whether or not his purported possession of the surface was such adverse possession of the minerals as would vest title in him under the 3, 5 and 10-year statutes of limitation."

We will discuss the third question first. D. D. Thompson is the undisputed common source of title. Prior to April 28, 1919, D. D. Thompson was the owner of the fee simple title to the 1068 acres herein involved. On that date he and his wife signed a deed purporting to convey an undivided one-half interest in the mineral rights lying under this land. On November 16, 1923, the State obtained a tax judgment for taxes assessed for 1922 separately against the one-half interest which is claimed by appellants, and D. D. Thompson purchased this undivided mineral interest for the sum of $246 at the tax sale. Appellants do not question the validity of the tax sale, but only question the right of appellee to purchase said mineral interest at the sale for his own benefit, claiming that as a co-tenant he could only purchase the interest for the benefit of appellants.

■ We have concluded that appellee, Thompson, was not precluded from purchasing the undivided one-half interest of the minerals, claimed by appellants, at the tax sale because of his co-tenancy. Appellee and appellants did not acquire their mineral interests by the same instrument, the tax sale was for taxes accruing against appellants' one-half mineral interest after the alleged sale of such mineral interest to appellants and their privies in title.

■ The Texas rule is absolutely limited to tenants in common where they acquire the property by the same instrument or act of the parties or of the law, or there must be the relation of mutual trust and confidence. Niday v. Cochran, 42 Tex.Civ. App. 292, 93 S.W. 1027; Roberts v. Thorn, 25 Tex. 728, 78 Am.Dec. 552.

The outstanding title purchased must be against the joint estate and not merely against the estate of the other. Roberts v. Thorn, supra.

It is true that appellee, Thompson, in the alleged deed from him to appellants' predecessors in title warranted the title to this mineral interest, but this would not preclude him from purchasing this interest at a tax sale for taxes accruing subsequent to the date of the alleged deed. Foster v.

Johnson, 89 Tex. 640, 36 S.W. 67; Murray v. Murray, 159 Minn. 111, 198 N.W. 307.

In Bennet v. North Improvement Co., 23 Colo. 470, 48 P. 812, 814, 58 Am.St.Rep. 281, it is said: "A tenant in common can only be held bound to protect the interest of his co-tenant when some duty is cast upon him with reference to such interest; for instance, if it is shown to be his duty to pay all the taxes, he cannot allow the land to be sold for such taxes, and then avail himself of the tax title. * * * In the case before us the tax was levied upon undivided interest, and there was no obligation resting upon one tenant to pay the tax of his associates. The interest of each was separately assessed, and Sharratt was not disqualified from taking the tax title."

Appellee having secured good title to the one-half undivided mineral interest claimed by appellants, by reason of his purchase at the tax sale, it becomes immaterial whether or not there was a valid delivery of the original deed.

The judgment is affirmed.