**BERKLEY et al. v. NEELY et al.** (No. 1674.)

Court of Civil Appeals of Texas. Beaumont. April 26, 1928.

1. **Husband and wife** ☞273(1)—**Husband and children held to have become tenants in common of community estate and wife's separate property on wife's death.**

Where husband and wife owned community property, and wife also owned separate property, which she had inherited, husband and children of such wife became tenants in common of both the community property and of the separate estate on wife's death.

2. **Tenancy in common** ☞28(3)—**Profits derived by father from farming lands owned in common with children belonged solely to him, absent demand for accounting or possession; hence land purchased therewith was his separate property.**

Where a father and his children were tenants in common of lands which before wife's death had been the community property of husband and wife or the wife's separate property, profits derived by the father from farming such land, where children had not required an accounting thereof, nor sought possession of land themselves, belonged to the father, so that land purchased with such profits became his separate property.

Error from District Court, Montgomery County; J. L. Manry, Judge.

Suit by Mrs. Annie T. Berkley and others against Mrs. Eula Womack Neely and others. A judgment partitioning the land in question was rendered, and plaintiffs bring error. Affirmed.

McCall & Crawford, of Conroe, for plaintiffs in error.

Foster & Williams, of Houston, for defendants in error.

WALKER, J. The plaintiffs in error will be referred to as appellants, and the defendants in error as appellees.

W. G. Womack and his wife, Mrs. Annie Springer Womack, were married on the 15th day of December, 1868, and lived together until her death, on the 23d day of April, 1893. He never remarried, and was living, and a party to and a witness in the trial of this case, on May 25, 1927. The following children were born to Mr. and Mrs. Womack: Mary Womack, Stella Womack, Irion Womack, F. H. Womack, Laura Womack, and Annie T. Womack, all of whom survived their mother. During her marriage to Mr. Womack, Mrs. Womack inherited, through her father's estate, 123 acres of land on the W. B. D. Smith survey in Montgomery county, Tex. During her marriage with Mr. Womack they purchased and paid for on the dates as indicated, from their community funds, the following lands: (1) 65 acres of the W. B. D. Smith survey, on August 2, 1880; (2) 165 acres on the Zach Landrum league on March 15, 1884; (3) 55 acres on the W. W. Ford survey on November 24, 1891; (4) 171 acres from E. W. Stewart and wife on November 12, 1890.

After the death of his wife, Mr. Womack purchased the following lands on the dates indicated: (1) 80 acres on the Noah Griffith survey on January 12, 1898; (2) 17 acres on the W. B. D. Smith survey and 171 acres on the W. W. Ford survey on April 27, 1899;

---

(3) 28½ acres on the Zach Landrum survey on October 9, 1914.

On the 16th of April, 1920, Mr. Womack deeded to his son, F. H. Womack, the three last described tracts of land, together with the 65 acres on the W. B. D. Smith survey, and 165 acres on the Zach Landrum survey, purchased by him during the lifetime of his wife, Mrs. Annie Springer Womack. F. H. Womack died in 1925, and by will duly probated devised to his surviving wife all the land deeded to him by his father. Afterwards the wife of F. H. Womack married J. W. Neely, and was known as Mrs. Neely on the trial of this case.

This suit was brought by the brothers and sisters of F. H. Womack and the children of his deceased brothers and sisters, against Mrs. Neely and her husband for partition of all the land above described. The 123 acres inherited by Mrs. W. G. Womack was described as her separate property. The lands bought by her and W. G. Womack during her lifetime were described as part of their community. It was alleged that plaintiffs were tenants in common with their father in the community property; that he farmed this property and the separate property of their mother, and from the profits arising from these farming operations paid for the land purchased by him subsequent to the death of their mother. On these allegations they claimed to be tenants in common with their father in all property purchased subsequent to the death of their mother, claiming a one-half interest for the heirs of Mrs. Womack, and conceding to W. G. Womack a one-half interest. It is sufficient to say of the pleadings of Mrs. Neely and her husband that they claimed that the land bought by W. G. Womack after the death of his wife was his separate property, and, as such, that his deed to F. H. Womack conveyed the title. On suggestion that W. G. Womack and another party were claiming an interest in certain of the land involved in the plaintiff's petition, they intervened, pleading affirmatively their claim. On trial to the court without a jury, the separate property of Mrs. Annie Springer Womack and the lands bought by her and her husband during her lifetime were partitioned among the claimants. All parties have acquiesced in the partition made by the trial court of these lands. The court decreed to Mrs. Neely all lands deeded by W. G. Womack to his son F. H. Womack, which he purchased after the death of his wife, Mrs. Annie Springer Womack. Appellants have assigned error against that part of the judgment, and, under their assignments, advance the proposition that they were tenants in common with their father in the lands purchased by him from the rents and revenues of their mother's separate estate and her part of the community. In support of the judgment, the trial court filed the following conclusions of fact:

"Sixth. After the death of his wife, W. G. Womack continued to reside at the same residence which had been their home during the later years of their married life, and has resided at said place continuously until now, and so resides there at the present time. The place of residence of said W. G. Womack is on the 165-acre tract in the Zach Landrum league, * * * but I find from the testimony that Mr. Womack retained possession of all of the lands that he and his wife had acquired during their married life, and also the tract of 123 acres which Mrs. Womack had inherited from her father, and that he has held, cultivated, and used all of said lands, and had control thereof ever since his wife's death, and in this connection I find that the household expenses of Mr. Womack and his family while the children, or any of them, remained with him, and since were paid for out of the fruits and revenues of said lands. * * * And I further find in this connection from the testimony of W. G. Womack that said two tracts of land were used by him during all of said time for general homestead uses and purposes, and that most of his farming lands were on the said two tracts. * * *

"Seventh. I further find that plaintiffs, who are the children and grandchildren of said W. G. Womack, * * * knew of the possession, occupancy, and use that the said W. G. Womack had and has of the lands described, *.* * and that they made no objection to said W. G. Womack retaining the possession, use, and occupancy thereof, and that they cheerfully acquiesced in his so doing. Neither the plaintiffs nor those under whom they claim ever made any demand upon the said W. G. Womack to be admitted into joint possession with him, or ever demanded any part of the fruits and revenues from said lands. On the contrary, Mr. Womack's children and grandchildren, * * * visited him freely, and were always welcome in his home, and his testimony expressly shows that he was always glad to have them live with him when they so desired and that they were welcome so to do at any time. * * *

"Fifteenth. The testimony of W. G. Womack shows, and I so find, that the lands acquired by the . said W. G. Womack after his wife's death were paid for out of fruits and revenues derived by him from community lands and the tract of 123 acres inherited by his wife, most of such fruits and revenues having been derived from crops grown on said tract of 123 acres and the tract of 171 acres * * * being the land acquired from E. B. Stewart. * * * The proof shows that the revenues so derived by W. G. Womack from the lands retained in his possesion were the result of his efforts as a farmer in cultivating and using said lands."

[1, 2] On the facts found by the trial court, the property purchased by W. G. Womack after the death of his wife became his separate property. After her death, he became a tenant in common with his children in the community estate. Also, under the doctrine of McConnico 'v. Thompson, 19 Tex. Civ. App. 539, 47 S. W. 538, he became a tenant in common with his children in her separate property. As a tenant in common with his children, he was entitled to possession and use of the joint property so long as he did not exclude

his cotenants from concurrent possession and use. The profits derived by W. G. Womack from his possession and use of this joint property belonged solely to him. In Phœnix Land Co. v. Exall, 159 S. W. 486, the Dallas Court of Civil Appeals said:

"The general rule is well established that one tenant in common, who uses and cultivates land, cannot be made to account to his cotenant until there has been a formal demand by the latter to be admitted to the possession in common and such possession has been denied."

In this case none of the plaintiffs ever made demand to be admitted into possession with their father. In Roberts v. Roberts, 278 S. W. 937, the El Paso court said:

"It seems to be a well-settled rule of law that one tenant in common, who uses and cultivates the common estate, cannot be made to account to his cotenant for profits arising therefrom until the cotenant has made formal demand to be admitted to the possession in common, and such possession has been refused."

The case of Akin v. Jefferson, 65 Tex. 137, on its facts, seems to be absolutely on all-fours with the facts of this case, and is the leading case in Texas on the proposition involved here. We quote as follows from that case:

"At common law each had the right concurrently with the others to the use and occupancy of the whole, and if one, without excluding the other co-tenants, occupied and used the whole, he could neither be required by the others to account for the profits nor require them to share with him the losses of the venture; and unless he was made their bailiff he could not be made to account even where he let the premises and received the entire rents."

In referring to the case of Neil v. Shackelford, 45 Tex. 119, the court said:

"But this court approved as the law properly disposing of the case of the charge given by the court below, that the tenant in possession was not bound to his co-tenant for rent until after demand by the latter for the right of concurrent occupancy, nor to account for profits in the absence of an express agreement."

The court then added:

"If to the view of the law expressed in that charge we were not committed by that decision we would move independently to the same doctrine. If one tenant in common lets the entire estate in common and receives the rent money, he may be required to account to his co-owner; but if he occupies the land himself, and by his own labor and management, and at his own expense, causes them to produce to him a profit, whether the statute of 4 and 5 Anne is in force in Texas or not, the tenant not in possession nor demanding to be admitted, not incurring any risk nor sharing any toil or outlay, must continue his abstinence at the harvest. He can neither share the fruits of his fellow's indus-

try, nor become his landlord without a contract creating that relation between them."

On the undisputed facts in this case, showing that appellants never asked to be admitted into possession with their father, and there being no suggestion in the evidence that W. G. Womack rented the community property or any portion thereof, but all the proof being that he farmed the same himself, the conclusion follows that the land purchased by him from the profits of his farming became his separate property. Owning the land, his deed to his son F. H. Womack vested in him the title, which by his will was vested in his surviving wife, and, since she owned such title on the trial of this case, the court correctly decreed to her the three tracts of land purchased by W. G. Womack subsequent to the death of his wife.

The judgment of the trial court is in all things affirmed.