### ROBERTS et al. v. ROBERTS.
#### No. 5146.

Court of Civil Appeals of Texas. Amarillo.
April 15, 1940.

Rehearing Denied May 20, 1940.

John L. Ratliff and Nelson & Brown, all of Lubbock, for appellants.

Price & Moss, of Post, for appellee.

JACKSON, Chief Justice.

The record shows that W. E. Roberts, who died in April, 1933, and Callie Roberts, who died in February, 1931, were husband and wife and while living together as such accumulated a community estate consisting of two tracts of land one of which, hereafter called the large tract, is the northwest one-fourth of Survey 1236, Certificate 170, A. B. & M., situated in Garza County, Texas, containing 157.7 acres. This large tract was encumbered by a lien to the Federal Land Bank of Houston to secure the payment of $2,220.18 due January 1, 1938, with interest. The other we will call the little tract, contains 77.4 acres out of Survey 4, S. F. 1442, Block 4, and was encumbered by a lien to the Double U Company of Post for the sum of $606.34 due January 1, 1938, with interest.

W. E. Roberts and his wife, Callie, had born to them three sons, namely, A. S. Roberts, H. A. Roberts and D. C. Roberts, each of whom is entitled to a one-fifth undivided interest in the estate of their father and mother. W. E. Roberts and his wife also had two daughters, Laura Roberts Ellis, who died leaving an only child, Mrs. Aline Carden, who is entitled to a one-fifth interest in the estate of her grandparents, and Minnie Roberts Ferrell, who died leaving but two children, Elbert Ferrell and Elvin Ferrell, each of whom is entitled to a one-tenth interest in their grandparents' estate. The plaintiffs, D. C. Roberts, Mrs. Aline Carden, joined by her husband, John N. Carden, Elbert Ferrell for himself and as next friend for Elvin Ferrell, a minor, complaining of H. A. Roberts, A. S. Roberts, M. L. Ellis and Hugh Ferrell, alleged the above enumerated facts and in addition pleaded that plaintiffs and defendants were joint owners and together constituted the sole owners of the two tracts; described the land in detail; alleged the plaintiffs and defendants are the only heirs of W. E. Roberts and Callie Roberts, deceased; that there are unpaid taxes against each of said tracts; and that no administration was had on the estates of W. E. or Callie Roberts and none was necessary.

Plaintiffs alleged that defendant, A. S. Roberts, has resided upon and used the large tract continuously since the death of their parents and has made no accounting for the rents due the estate for 1932, 1933, 1934, 1935, 1936 and 1937, inclusive; that he has used and worked the little tract for the years 1932, 1933, 1934 and 1935 and has made no accounting to the estate for rents for the use and occupancy of said land; that he has paid out certain sums of money on the obligations of the estate and on taxes against it, the amount of which is unknown to them.

They pray that they have judgment for a partition of the estate; that the defendant, A. S. Roberts, be required to make an accounting of all the rents due by him to the estate, show the payments made by him for the estate; and that they have judgment for such rentals, deducting from the interest of A. S. Roberts the indebtedness he is due the estate.

A. S. Roberts answered by general demurrer, general denial and pleaded various sums of money he had out of his own funds expended for the protection of the estate, the aggregate of which he alleged to be $3,129.02; asked for judgment for his debt and that the court fix an equitable lien on the four-fifths interest of the other plaintiffs and defendants to secure the payment of such expenditures.

The testimony shows that A. S. Roberts had continuously occupied the large tract of land, used and worked it for the years 1933 to 1938, inclusive, and that he had used and worked the little tract for the years 1933 to 1935, inclusive. It was agreed by the parties that for the above named years A. S. Roberts paid no rent to any of his co-tenants but retained all the proceeds of the entire crop produced by him and by this retention of the entire crop he received rent from 1933 to 1938, inclusive, amounting to $2,374.68. It was also agreed that the property was not susceptible of partition in kind and that a receiver should be appointed, the land

sold and the proceeds distributed among the parties at interest.

The parties also agreed that A. S. Roberts did for the benefit of said estate since the death of his parents pay out the following sums of money:

| | |
|---|---|
| Taxes | $ 405.05 |
| Doctors Surman & Williams | 157.09 |
| Double U Company | 891.73 |
| The Federal Land Bank of Houston | 340.85 |
| Davis-Mason Company | 288.13 |
| The First National Bank of Post | 384.55 |
| Dr. V. A. Hartman | 45.00 |
| Total | $2512.40 |

On the items not covered by agreements, in response to special issues submitted by the court, the jury found that A. S. Roberts had paid to Dr. Hartman $250 out of his personal funds prior to the death of his father; that he had paid the Higginbotham-Bartlett Lumber Company since the death of his father for material used on the premises $75, and still owed $83.20 thereon, and had paid to the Warren Drug Store $24.46.

On these agreements as to the rents retained, debts paid and the findings of the jury the court rendered judgment for A. S. Roberts for the sum of $1,916.83 and fixed an equitable lien on the interest of the other plaintiffs and defendants in the estate to secure A. S. Roberts in the payment thereof, appointed a receiver, ordered the property sold, the indebtedness paid and the balance distributed among the heirs. From this judgment this appeal is prosecuted.

The appellants by several assignments assail the judgment as fundamentally erroneous since not supported by the pleading, the evidence nor the verdict of the jury.

Under these assignments appellants urge that since the pleadings of A. S. Roberts do not disclose that the parties were co-tenants nor that he is claiming the rents which he appropriated by virtue of working and occupying the land as a co-tenant the court erred in refusing to require him to account to the other co-tenants for the $2374.68 which he retained as rent.

The facts alleged by the plaintiffs show conclusively that A. S. Roberts was a co-tenant with them; that he occupied and cultivated the land and paid them no rents; and his general denial put in issue his obligation to pay rent to his co-tenants.

The facts admitted by the parties show without contradiction that he was a co-tenant; that he occupied and worked the premises; that he did not oust any of his co-tenants nor refuse to permit them to occupy and use the premises in common with him, and the fact that he was not designated in his pleading as a co-tenant would not preclude his recovery in such capacity nor render the judgment void because he was not required therein to account to the other co-tenants for rent.

In Thompson et al. v. Jones et al., 77 Tex. 626, 14 S.W. 222, 223, the Supreme Court, speaking through Judge Gaines, says: "The verdict of the jury finds that the defendants were tenants in common with plaintiffs in the premises. We understand the rule to be that one tenant in common, who uses and cultivates land, cannot be made to account to his cotenant until there has been a formal demand by the latter to be admitted to the possession in common, and such possession has been refused. Where a tenant in common has nothing to do but receive the rents, a different rule prevails. Neil v. Shackelford, 45 Tex. 119. We are clearly of opinion that defendants should not have been charged with rent of the land in this case until a demand for possession was made, and then not upon their improvements."

In Stephenson v. Luttrell, 107 Tex. 320, 179 S.W. 260, 262, Judge Yantis of the Supreme Court says: "When two persons are cotenants in the ownership of land, and one of them incurs expense in the improvement of the property which is necessary and beneficial, it is equitable that the one incurring the expense shall have contribution from his cotenant in an amount which is in proportion to the undivided interest owned by such cotenant; but there is no principle of equity that will permit him to speculate on the transaction, and require his cotenant to return to him any greater sum than his proportion of the money actually expended."

See also Roberts et al. v. Roberts et al., Tex.Civ.App., 278 S.W. 937; Hacker v. Hacker et al., Tex.Civ.App., 4 S.W.2d 218; Berkley et al. v. Neely et al., Tex. Civ.App., 6 S.W.2d 430; Nicholas Hanrick et al. v. E. J. Gurley et al., 93 Tex.

458, 54 S.W. 347, 55 S.W. 119, 56 S.W. 330.

■ Under this record and what appears to be the settled law of this State A. S. Roberts was not required to account to his co-tenants for the occupancy, use and cultivation of the premises and the court did not err in so holding.

The statement of facts indicates that several witnesses testified concerning some items of indebtedness paid by A. S. Roberts but their evidence was omitted from the statement. We are unable to ascertain from the record what sums of the admitted items paid by A. S. Roberts and those found by the jury the court included or excluded in computing the amount of the judgment $1916.83 rendered in favor of A. S. Roberts. He does not complain of the amount and the appellants agreed that he had paid out for the betterment of the estate sums exceeding the judgment he recovered by several hundred dollars.

■ The record does not reveal whether the court charged the defendant Roberts with one-fifth of the $1,916.83, which as an heir he was obligated to pay, or not, and, since the burden was on him to show the amount he was entitled to recover, one-fifth of the amount of the judgment will be subtracted therefrom, which is the amount for which the judgment should be rendered, $1,533.44.

The appellants also assert that the court erred in fixing an equitable lien on the property in behalf of A. S. Roberts to secure the payment of the moneys he had expended for the betterment of the estate.

■ It will be noted that limitation is not urged against the recovery of the debt nor the fixing of the equitable lien. The appellants agreed that A. S. Roberts had paid taxes amounting to $405.05; had paid $891.73, which they allege was secured by a valid lien, to the Double U Company; had paid to the Federal Land Bank of Houston $340.85, which they plead was secured by a valid lien; and had paid to Davis-Mason Company for funeral expenses $288.13 for which article 3531 of Vernon's Annotated Civil Statute fixes a lien. These items amount to $1925.76, and deducting the one-fifth due by A. S. Roberts therefrom leaves a balance of $1,540.60, and the court was authorized to fix an equitable lien in favor of A. S. Roberts for the amount of the judgment here allowed, $1533.44.

In Johnston v. Johnston, Tex.Civ.App., 204 S.W. 469, 470, the court said: "As a general rule the redemption of the common property by one joint tenant, whether accomplished by the acquisition of the incumbrance or by the purchase of the property at a foreclosure sale, will inure to the benefit of the joint owners. Roberts v. Thorn, 25 Tex. [728], 735, 78 Am.Dec. 552; 7 R.C.L. p. 857 et seq. But the tenant who redeems has a right to demand contribution from his co-owners. As between him and defaulting co-tenants the lien is not extinguished, but is kept alive for his benefit, and may be foreclosed upon the failure of the co-owners to reimburse him within a reasonable time. Niday v. Cochran, 42 Tex.Civ.App. 292, 93 S.W. [1027], 1029; Hogan v. McMahon, 115 Md. 195, 80 A. 695, 24 Ann.Cas.1912C, 1260; Starkweather v. Jenner, 216 U.S. 524, 30 S.Ct. 382, 54 L.Ed. 602, 17 Ann. Cas. 1167, and notes; 7 R.C.L. p. 868. The tenant who redeems the common property becomes subrogated to the rights of the original lienholder."

See also Niday et al v. Cochran, 42 Tex.Civ.App., 292, 93 S.W. 1027; Magruder v. Johnston et al., Tex.Civ.App., 233 S.W. 665; Linz et al. v. Bower, Tex. Civ.App., 86 S.W.2d 63.

Appellant's motion to dismiss the appeal for the insufficiency of the amended appeal bond which the court allowed to be filed is overruled.

The decree of the trial court is reversed and here reformed adjudging to A. S. Roberts the sum of $1,533.44 and fixing a lien upon the lands to secure the payment thereof and as so reformed the judgment is affirmed.