D. C. ROBERTS ET AL V. A. S. ROBERTS.

No. 7769. Decided March 19, 1941.
Rehearing Overruled April 30, 1941.
(150 S. W., 2d Series, 236.)

*Nelson & Brown, Geo. W. McCleskey* and *Jno. L. Ratliff,* all of Lubbock, for plaintiffs in error.

Before a co-tenant in possession of the common estate would be entitled to recover from his co-tenants the amount of taxes and estate debts paid by him, equity would require him to account to his co-tenants for the fruits, rents and revenues received by him from the common property; hence, in this case the trial court was not authorized to refuse in his judgment to do equity between the parties, and the Court of Civil Appeals erred in upholding such judgment. Bailey v. Laws, 23 S. W. 20; Kalteyer v. Wipff, 52 S. W. 63.

*Tom L. Price,* of Post, for defendant in error.

The equitable lien impressed upon the property of the estate to secure defendant in the payment of the judgment is proper, since he discharged liens on the estate by payment of the specified amounts out of his own personal earnings, equity will subrogate him to the payment of said sums to the extent originally held by the lien holders who were paid off, since the uncontradicted evidence shows that he never received any rents from the property and that he paid out these betterments, in the

main from borrowed money from the bank. Niday v. Cochran, 93 S. W. 1027; Wakefield v. Burchers, 4 S. W. (2d) 218.

Mr. Chief Justice Alexander delivered the opinion of the Court.

The plaintiffs and defendants were joint owners of two tracts of land, one of 80 acres and the other of 160 acres, which they inherited from their deceased parents. The plaintiffs sued for partition of the land and for an accounting of A. S. Roberts, one of the joint owners, for the rents and the value of the use of the land during the time he had been in possession thereof. The defendant, A. S. Roberts, sought contribution from the other joint owners for funds expended by him in improving the property, paying taxes, lifting mortgages, and discharging other debts of the estate. The trial court awarded judgment for partition of the land and allowed A. S. Roberts judgment for contribution from the other joint owners for their share of the obligations paid by him, but declined to require him to account for the value of the use of the land and the rents collected therefrom. The judgment of the trial court was reformed by the Court of Civil Appeals in certain particulars not necessary to here mention, and, as reformed, was affirmed. 140 S. W. (2d) 528.

The evidence shows, without dispute, that A. S. Roberts cultivated and used the 160-acre tract from 1933 to 1938, inclusive, and the 80-acre tract from 1933 to 1935, inclusive. The 80-acre tract was rented out from 1936 to 1938, inclusive, but the record is not clear as to whether A. S. Roberts collected the rents from this land. This, however, is not material at this time.

■ The rule at common law, which is in force in this State, is that one tenant in common who, without objection from the other joint owners, occupies all or more than his proportionate share of the common premises, is not liable to his cotenants for the use of the common property in the absence of an express agreement or implied understanding to the contrary. Akin v. Jefferson, 65 Texas 137, 142; Anderson v. Clanch, 6 S. W. 760; Autry v. Reasor, 102 Texas 123, 108 S. W. 1162; Thompson v. Jones, 77 Texas 626, 14 S. W. 222; Neil v .Shackleford, 45 Texas 119; Berkley v. Neely, 6 S. W. (2d) 430.

This rule has its foundation in the fact that each cotenant is entitled to occupy the property, and that some times property can be made to produce revenue only through the efforts of the occupant, and often this is insufficient to justify the

payment of rent. Where this is true, it would be an injustice to the occupant to afterwards demand of him that he pay for the use of the property. Consequently, where one tenant in common occupies more than his share of the property without complaint from the other cotenants, this raises a presumption of a willingness on their part to allow the occupant all he can get out of the use of the property. Necessarily, where there is an express agreement or implied understanding to the contrary, the very foundation of the common law rule fails, and the occupant is required to pay for the use of the property in accordance with the understanding of the parties. 62 C. J. 447; 11 Tex. Jur. 463; Rosamond v. Rosamond, 120 S. W. 520; Anderson v. Clanch, 6 S. W. 760; Neil v. Shackleford, 45 Tex. 119.

The evidence shows that the land in question was tillable and evidently very productive. The 160-acre tract frequently produced over 50 bales of cotton per year in addition to considerable stock feed. Some contributions were also received from the Government under its farm program. There is no contention that the land did not produce enough to justify the payment of rent for the use thereof. We think the record shows that the defendant himself contemplated that he was to pay rent for the use of the land. In his answer he alleged: "This defendant took over at the request of his father the management of the property herein involved, which was pursuant to his father's request prior to the time of his death, and has since looked after and cared for the said property in an effort to pay off and discharge the debts owed by said estate, and place said estate in a solvent condition." He further alleged: "that during the year A. D. 1933 this defendant collected and paid out the following moneys on account of said estate: * * * rents, revenues, and income from lands herein involved $613.89." He further alleged that the collection of rents, revenues, and income from said lands during the succeeding years as follows: 1934, $257.10; 1935, $533.24; 1936, $154.55; 1937, $2080.21; 1938, $595.85; 1939, $300.00. The above items, with the exception of the item of $2080.21 for the year 1937, did not constitute the value of the total crops produced, but only the customary 1/3 and 1/4 of the crops. The defendant testified that the value of the rent for 1937 amounted to $600.00. Said defendant further set out in his answer in detail how these rents had been expended in the interest of the estate, part of same being used to pay the debts for which he now seeks contribution from his cotenants. He testified as follows: "Q. And you were supposed to be paying rent on that property your-

self that you used? A. Yes, sir, I certainly do. * * Q. So then you didn't use your own money to pay these taxes but you used the Roberts Estate money, didn't you? * * * A. Certainly." Under· the foregoing positive statement of the defendant, both in his pleadings and in his evidence, we think it is definitely established that he occupied the property under an understanding that he was to pay rent for the use thereof.

■ Furthermore, while at common law, under the rule above announced, a tenant in common who occupies joint property without complaint from his cotenants is not required to account for the value of the use thereof, yet when he resorts to equity and seeks contribution from his cotenants for funds expended in the betterment of the common estate, it would seem that he should be required to do equity and allow as an offset the value of the use of the premises. 62 C. J. 478; Clute v. Clute, 197 N. Y. 439, 90 N. E. 988, 134 A. S. R. 891, 27 L. R. A. (N. S.) 146; Ward v. Pipkin, 181 Ark. 736, 27 S. W. (2d) 523; Patterson v. Miller, 154 Ark. 124, 241 S. W. 875; Engle v. Terrell, 281 Ky. 88, 134 S. W. (2d) 980; Mastbaum v. Mastbaum, 126 N. J. Eq. 366, 9 Atl. (2d) 51. Thompson on Real Property says:

"A tenant who has paid taxes upon the common land, or removed other incumbrances, may have allowance made therefor. If, however, such tenant has had the possession and use of the entire land during the years he has paid the taxes, the court should, in adjusting the equities, take into account the value of such possession, though a co-tenant cannot recover rent until demand and refusal of joint occupancy." 3 Thompson on Real Property, p. 37, sec. 1940.

This would be especially true with reference to taxes paid and funds expended in improving the property. There is an analogy between the relation of such a tenant and that of a life tenant, and it is generally held that the life tenant, in possession, is liable for the taxes. 21 C. J. 945, 955; 28 Tex. Jur. 58, 61.

Under the circumstances, we think the court erred in refusing to require A. S. Roberts to account for the value of the use of the property.

The judgments of the trial court and of the Court of Civil Appeals are reversed, and the cause is remanded for a new trial.

Opinion delivered March 19, 1941.

Rehearing overruled April 30, 1941.