OECHSNER et al. v. COURCIER et ux.

No. 14280.

Court of Civil Appeals of Texas.
Fort Worth.

Oct. 17, 1941.

Rehearing Denied Nov. 21, 1941.

Wayne Somerville, of Wichita Falls, for appellants.

Napier & Napier, of Wichita Falls, for appellees.

BROWN, Justice.

This is a suit brought by appellants against appellees for a partition of cer-

tain properties owned by the parties as tenants in common and for an accounting between appellants (who were not in possession) and appellees (who were in possession).

The facts are practically without dispute and the issues presented are few.

Nicholas Oechsner and Marie (his wife) had five children: John and Nick, sons, Miss Frances, a single woman, Rose, who married Floyd Stroder, and Bettye, who married W. H. Courcier.

The four children first named and Stroder, who joined his wife in the petition, are plaintiffs, and Bettye Courcier and her said husband are the defendants.

It is alleged that the parents are dead. The father having died in 1899, and the mother in the spring of 1937. That both parents died intestate and that the said five children are the only heirs of their deceased parents and own the properties involved, share and share alike. The properties consist of city lots in Wichita Falls, being Lot 2 in one certain block and Lot 6 and the west 40 feet of Lot 7 in a certain other block.

There are two sets of improvements on the large tract and one such set on the small one.

Prior to the mother's death, Mr. and Mrs. Courcier occupied and paid rent at the rate of $15 per month for one of the residences on the larger tract.

After the mother's death these defendants continued to occupy the residence and paid no rent to anyone, although Miss Frances Oechsner, acting as agent for the said heirs, took over the handling of the other two sets of improvements and attended to the collection of the rents therefrom.

The proof shows that these rentals have been collected for all of the heirs and that no effort has been made to deprive the defendants of their undivided one-fifth interest therein.

The defendants denied generally the allegations in the petition and set up a cross-action in the sum of $224.90 for improvements made on the portion of the premises occupied by them.

The cause was tried to the court and the judgment rendered states that the material allegations of plaintiffs' petition are true and that they are entitled to relief, substantially as prayed for. That the

964

properties are incapable of partition in kind.

That Frances Oechsner is entitled to the sum of $225 for her services in the care of the properties and rents therefrom. That defendants have occupied a portion of the premises since the death of the mother, that they have been charged rents for such use and occupancy by the plaintiffs, amounting to $877.50, and that such charges are fair, just and reasonable, but that being tenants in common with the plaintiffs they are not chargeable with such rents.

That defendants made the improvements amounting to $224.90, being fair and just charges, but because they made such improvements upon the property occupied by them and have not accounted to plaintiffs for the use of the property, they are denied a recovery for such improvements.

The properties were ordered sold and the proceeds, together with the cash on hand from rents, ordered paid to the five heirs, share and share alike, after deducting the amounts found by the court as a charge against the estate.

All parties excepted and gave notice of appeal, and the plaintiffs perfected an appeal because of insufficient relief.

No cross-assignments of error are presented by defendants-appellees.

That appellants demanded of appellees that they pay rent for the use and occupancy of the improvements possessed by them or move out and permit the premises to be rented to some third person is made clear in the record.

The substance of the testimony of Mr. and Mrs. Courcier is that shortly after the mother's death the other heirs, at a meeting held, demanded that the Courciers pay rent for the use of the premises occupied by them, but that they gave the other heirs no answer because they were of the opinion that an administrator of the estate should be appointed so they would have some one in authority with whom to deal. That they ignored the demands of the other heirs on the theory that there was no one with whom they could deal, is made plain by their testimony.

Appellees' theory, which must have been presented to the trial court and adopted by the court, is that in order for one tenant in common not in possession to hold the tenant in common in possession for an ac-

counting because of his use and occupancy of the premises, it is necessary for the tenant not in possession to first demand of the tenant in possession the right to actually move upon and occupy the premises jointly owned, and for the tenant in possession to refuse the request.

We are of opinion that to so hold, in such a case as is before us, is contrary to the spirit of American justice and would reduce the rule as to the relationship of tenants in common to an absurdity.

The dwelling occupied by the appellees is shown to be a five room cottage, with one bath and no hall.

The families of the five heirs consist of twenty-two persons, including husbands, wives, children and the unmarried heir—Miss Frances.

The law has never demanded that a foolish or vain thing be done by a party before he may obtain redress or his rights under the law.

These persons could not have occupied this small house, all at one time, and we hold that it was not necessary to demand any such use before their rights against the occupants could mature.

We are of opinion that from and after the death of the mother, when the other heirs demanded of the Courciers to pay rent for the use of the premises and the Courciers ignored such demand, they were holding the premises adversely and in hostility to the rights of the other heirs and that they should be charged with the reasonable rental value of the use and occupancy. Stephens et al. v. Hewitt et al., Tex.Civ.App., 77 S.W. 229, writ refused; Markum v. Markum, Tex.Civ.App., 273 S.W. 296, writ dismissed.

What we have concluded, in disposing of the case before us, is not in conflict but, in our view of the case, in harmony with the holdings of our Supreme Court in the case of Thompson et al. v. Jones et al., 77 Tex. 626, 14 S.W. 222; and Roberts et al. v. Roberts, 136 Tex. 255, 150 S. W.2d 236, 237, opinion by Mr. Justice Alexander.

The judgment of the trial court is reformed so as to give the appellants judgment against appellees for four-fifths of the amount of rents found by the trial court as reasonable for the use of the premises, and judgment for appellees on their cross-action for four-fifths of the

value of the repairs and improvements done on the premises by appellees, and that such recovery by appellees be credited against the judgment rendered against appellees for rents, and that all rights determined by the judgment as reformed be adjusted in the partition of the estate.

The judgment as thus reformed is affirmed.