**ROBERTS v. ROBERTS et al.**

No. 5466.

Court of Civil Appeals of Texas. Amarillo.

Sept. 21, 1942.

Rehearing Denied Oct. 26, 1942.

Joe S. Moss, of Post, for appellant.

Nelson & Brown and John L. Ratliff, all of Lubbock, for appellees.

FOLLEY, Justice.

The appellant and the appellees are the joint owners of 240 acres of land in Garza County which they inherited from their deceased parents, W. E. Roberts and wife, Callie Roberts. The appellees, D. C. Roberts and others, sued the appellant, A. S. Roberts, for partition of the land, for an accounting for rents received by him during the time he had been in possession thereof, and for the establishment of a lien against the appellant's portion of the estate. The appellant interposed a plea of limitations against the claims of the appellees, sought contribution from the other joint owners for the amounts expended by him in im-

proving the property, paying taxes, and discharging mortgages and other debts against the estate, and asked for the establishment of a lien upon the land. In a trial before a jury the court directed a verdict for the appellees for $134.71 against appellant and rendered judgment for such sum, decreed that the property was not subject to partition, and ordered the same sold and the proceeds divided among the heirs after the payment of the $134.71.

This case was heretofore before this court and our opinion therein may be found in 140 S.W.2d 528. An application for a writ of error was granted by the Supreme Court and its opinion reversing this court and the trial court may be found in 136 Tex. 255, 150 S.W.2d 236, 136 A.L.R. 1019.

In the instant appeal the appellant attacks the jurisdiction of the trial court, which issue was raised in the court below for the first time. It appears that after the jury was impaneled, but before any evidence was introduced, the appellant filed a plea to the jurisdiction of the court in which it was asserted that an administration of the estates of W. E. Roberts and Callie Roberts had been applied for and granted and was then pending in the County Court of Garza County in Cause No. 169 on the probate docket of such court, in which proceedings the estates of W. E. Roberts and Callie Roberts were being administered. It was further alleged that H. A. Roberts, one of the appellees, had qualified as administrator of such estates, proceeded to act as such, and then undertook to resign but that he had never, in fact, legally resigned nor been discharged as such administrator, and that no order had ever been entered closing the administration of such estate. The appellees answered such plea, urging that the same came too late for the consideration of the court, and further asserted that the administrator had filed his final account which had been duly approved by the court and that the administrator had been discharged.

In the trial of the case the appellant introduced in evidence from the probate records of Garza County the application of H. A. Roberts for the administration, the waiver of citation, the statutory notice notwithstanding such waiver, the order of appointment of H. A. Roberts, the inventory and appraisement and list of claims and order approving the inventory, the bond and oath of the administrator, and his letters of administration.

All of these probate proceedings were filed in June and July, 1936, in the County Court of Garza County in Cause No. 169, Community Estate of W. E. Roberts and Callie Roberts, Both Deceased. The instant suit was filed in February 1938. No other evidence was offered on the question of jurisdiction and thus there was no proof that the administrator had been discharged or that the administration had been closed.

■ Except that which may be implied by the trial court's proceeding to judgment in the cause, the court made no ruling and entered no order relative to the question of jurisdiction. In answer to appellant's complaint in this respect, appellees interposed several reasons which, they assert, warranted the action of the trial court. They first contend that the plea to the jurisdiction was a dilatory plea and, as such, came too late for consideration. In this contention we think the appellees are in error. The plea filed by the appellant was not merely a dilatory plea but was one challenging the jurisdiction of the court to try the cause and, as such, could be filed at any time. The jurisdiction of the court having been called into question by both pleading and proof, it became the duty of the court to determine its authority to proceed. Watson v. Baker, 67 Tex. 48, 2 S.W. 375; Wilkinson et al. v. McCart et al., 53 Tex.Civ.App. 507, 116 S.W. 400, writ refused.

■ The appellees also assert that it was the duty of the appellant to not only show that the administration was pending in 1936, but also to show that it was pending at the time of the trial. We think under the record the appellant made a prima facie showing of the pendency of the administration which was sufficient until rebutted by other testimony. 17 Tex.Jur. 255, par. 62; Nettles et ux. v. Doss, Tex.Civ. App., 161 S.W.2d 138, writ refused. Moreover, with the means to do so readily accessible, the failure of the appellees to rebut this testimony adds to the force of the presumption of the pendency of the administration. 17 Tex.Jur. 306, par. 87.

■ The appellees further contend that the administration was void because the application therefor was filed more than four years after the death of Callie Roberts. The application for the administration was filed June 29, 1936. It alleged that W. E. Roberts died April 7, 1933, and that Callie Roberts died February 21, 1931. If these allegations were true, Mrs. Roberts

**124**

had been dead more than four years before the filing of the application; however, such was not the case in so far as W. E. Roberts is concerned. In the order appointing the administrator the court found that four years had not elapsed since the decease of either of them. We think this finding is conclusive when the administration is collaterally called into question and may not be impeached by the attack thus made by the appellees in this proceeding. Moreover, the granting of an administration more than four years after the death of a person, though irregular, is not wholly beyond the jurisdiction of the court so as to render the administration proceedings subject to a collateral attack. Martin et al. v. Robinson et al., 67 Tex. 368, 3 S.W. 550; Nelson v. Bridge et al., 98 Tex. 523, 86 S. W. 7.

The appellees also insist that the administration was void because the same was a joint administration upon the estates of the deceased husband and wife. This contention is not tenable. This joint administration was merely an error of procedure and, though unusual, would not render the administration void and thus subject to collateral attack where the court had jurisdiction of both estates. Grande v. Herrera, 15 Tex. 533, 534; Templeton et al. v. Ferguson et al., 89 Tex. 47, 33 S.W. 329; Saul et al. v. Frame et al., 3 Tex.Civ.App. 596, 22 S.W. 984.

Lastly, the appellees contend that since the parties were seeking an adjustment of equities and the fixing of liens upon the property, the probate court was without authority to grant the relief sought and, therefore, the district court would have jurisdiction to grant such relief. The only real controversy in this case was solely between the heirs of the estate over the amount of the rents and revenues received by the appellant and the charges claimed by him against the estate for expenditures made by him. The probate court was duly authorized to determine these issues, to fix liens upon the land therefor, and to partition or sell the land and divide the proceeds. Therefore, this suit involved no controversies or issues over which, and no parties over whom, the probate court lacked jurisdiction, and the probate court, if the administration is pending, would have exclusive jurisdiction of this cause. 13 Tex. Jur. 613, 614, pars. 29, 30; O'Neil et al. v.

Norton et al., Tex.Com.App., 29 S.W.2d 1060, and authorities cited.

In view of the record presented, we think the trial court was in error in disregarding the question of jurisdiction. As above stated, the appellant made out a prima facie case as to the pendency of the administration which, in the absence of any rebuttal testimony, stood as a bar to further proceedings in the district court except on the issue of jurisdiction. It is entirely possible that jurisdiction may be shown by proof that the administration has been closed, thus supporting the allegation to that effect made by the appellees, but until such showing is made we think the district court is without authority to proceed with the trial. This cause will therefore be reversed and remanded for the trial court to first determine this issue with instructions to dismiss the cause unless its jurisdiction is established.

Reversed and remanded with instructions.