## GRIEDER v. MARSH et al.

### No. 15327.

Court of Civil Appeals of Texas.
Fort Worth.

March 21, 1952.

Rehearing Denied April 18, 1952.

T. B. Blanchard, of Houston, for appellant.

Allan H. Kottwitz and Bernard Kay, both of Houston, for appellees.

RENFRO, Justice.

This suit was filed in a District Court of Harris County by appellant Dexter Grieder, independent executor of the estate of Harvey J. Gerard, against Marjorie Marsh, a feme sole, and her brother, A. O. Marsh, Jr., for possession of certain real estate, for rent collected by appellee Marjorie Marsh from a former tenant of the premises, and for reasonable rental value of the premises from the time Marjorie Marsh occupied the premises to the date of the trial.

Appellees admitted that they owed appellant one-half of the rentals collected from a prior tenant, less certain credits claimed, and admitted one-half ownership of the property in Harvey Jo Gerard, son of Harvey J. Gerard, deceased, but denied owing any rent for the period of time they occupied the premises, and further prayed for a partition of the property.

An intervention was filed by Mrs. Carrie Gerard, guardian of the person and estate of Harvey Jo Gerard, a minor. The transcript does not contain the intervention, but references to the same by the other parties indicate the guardian asked substantially the same relief as appellant.

Appellees were stepchidren of Harvey J. Gerard and each inherited one-fourth undivided interest in the property in question from their mother. Harvey Jo Gerard owned the other one-half interest in the property involved as sole devisee of his deceased father, Harvey J. Gerard.

Before Harvey J. Gerard's death, he or his representatives had collected $600 rent from the property and appellees asked for one-half this amount.

After Harvey J. Gerard's death in 1948, appellees collected $525 rent, and appellant asked for all of said sum.

On April 1, 1949, appellee Marjorie Marsh moved into the premises and has collected no rent since that date. Appellee A. O. Marsh, Jr., by power of attorney, authorized Marjorie Marsh to act for him.

Appellant was denied rental from appellees for the period of time Marjorie Marsh occupied the premises in person. The court appointed a receiver and ordered the property sold and the proceeds divided one-half to the guardian for Harvey Jo Gerard and one-fourth each to the appellees, and ordered a partition of the rents collected by Harvey J. Gerard before his death and by appellees after his death in the same proportion as their interest in the realty.

The intervenor did not appeal. The appellant appealed from that part of the judgment concerning rents only.

Appellant contends the court erred in taking into consideration the $600 collected by Harvey J. Gerard and his representatives prior to his death in partitioning rentals paid on the premises because the evidence is insufficient to show that Harvey J. Gerard abandoned the property as a homestead and the evidence showed that expenses paid by Harvey J. Gerard and his representatives amounted to more than $600.

We overrule the point of error. We are of the opinion the evidence upholds the court's finding that Harvey J. Gerard abandoned the property as his homestead prior to the time he rented same.

Briefly stated, the evidence showed that he never lived in the property with his third and surviving wife; that he was separated from said wife prior to his death; that he moved to New Mexico at least a year and a half before his death. He bought a half interest in a hotel in New Mexico. He lived in the hotel for a year. He later sold the hotel and had been working in a bakery in New Mexico for six months when he died. The court found that Harvey J. Gerard had abandoned the property as his homestead and the finding has ample support in the testimony. Since appellees owned a one-half undivided interest in the premises, they were entitled to one-half of the rentals collected on the property after Harvey J. Gerard abandoned it as his homestead.

We also overrule appellant's complaint that the court did not allow proper credit for expenses incurred concerning the property prior to the time appellees took possession. Both appellant and appellees offered evidence of certain expenses incurred, but the court denied both parties their claims for such reimbursements.

As stated by the Supreme Court in Dakan v. Dakan, 125 Tex. 305, 83 S.W.2d 620, 627, the final determination of the rights of the respective parties in cases of this nature is to be determined upon equitable principles as to the amount of reimbursement. "* * * It is not a mere question of balancing ledger accounts." Viewing the record as a whole, we believe the trial court has partitioned the rentals collected before and after the death of Harvey J. Gerard in a proper and equitable manner. See also Cleveland v. Milner, 141 Tex. 120, 170 S.W.2d 472.

The appellant, by proper point of error, complains that the trial court erred in refusing to render judgment against appellees for one-half of the reasonable rental value of the property from April 15, 1949, to the date of judgment. Appellant prayed for rentals on the theory that appellees were holding same adversely and with hostility towards appellant, and cites the following cases, among others, in support thereof: Craig v. Cartwright, 65 Tex. 413; 11 Tex. Jur., p. 446; Hipp v. Fall, Tex.Civ.App., 213 S.W.2d 732; Stephens v. Hewitt, Tex. Civ.App., 77 S.W. 229. The cases relied upon by appellant show that judgment for rental was based on evidence that the cotenant against whom rent was assessed was in exclusive possession and asserted an adverse claim to the entire property.

Such exclusive and adverse possession is not shown in the case before us. Appellees, as cotenants, were entitled to joint occupancy when Harvey J. Gerard abandoned the property as a homestead. The property involved is a two-story residence, consisting of three upstairs bedrooms, and a living room, dining room, kitchen and breakfast nook downstairs. Appellee Marjorie Marsh is the only occupant. The evidence is uncontradicted that she invited Harvey Jo Gerard to jointly occupy the house. The evidence is uncontradicted that appellees have never refused Harvey Jo Gerard joint possession and occupancy of the premises. Appellant demanded that appellees vacate the premises. This they refused to do. Appellant demanded that appellees pay full reasonable rental to appellant. This they refused to do. Being a cotenant, Marjorie Marsh had a right of joint occupancy in said premises. In the absence of evidence showing adverse claim on her part, other than her refusal to vacate the premises, she was not liable for rent.

As to rentals collected by a cotenant, "a distinction must be drawn between rentals for his own use and rentals received from others to whom the property has been let. The latter are in the nature of profits received beyond the permitted personal occupancy and use, for which the tenant so receiving must account proportionately to the other cotenant." Sparks v. Robertson, Tex.Civ.App., 203 S.W.2d 622, 626, writ refused, 11 Tex.Jur., p. 462, sec. 39.

In the early case of Thompson v. Jones, 77 Tex. 626, 14 S.W. 222, 223, the Supreme Court said, "We understand the rule to be that one tenant in common, who uses and cultivates land, cannot be made to account to his co-tenant until there has been a formal demand by the latter to be admitted to the possession in common, and such possession has been refused."

The above principle was recognized by the Supreme Court in Roberts v. Roberts, 136 Tex. 255, 150 S.W.2d 236. See also Hacker v. Hacker, Tex.Civ.App., 4 S.W.2d 218; Markum v. Markum, Tex.Civ.App., 273 S.W. 296, error dismissed; Buchanan v. Davis, Tex.Civ.App., 43 S.W.2d 279, affirmed Supreme Court, 60 S.W.2d 192; Neil v. Shackelford, 45 Tex. 119.

In Neil v. Shackelford, supra, the Court held that the owner of one-half interest in the lots had a right to use and occupy any portion of same, subject to the equal right of use and occupation by the other owner, and the owner in possession would not be liable for use until the other co-

tenant should demand to enter and equally use the same.

Applying the law as set out in the cases hereinabove cited to the evidence in the record, we hold that the court did not err in finding appellees were not liable for rent for the period of time the premises were occupied by appellee Marjorie Marsh.

We accordingly affirm the judgment of the trial court.

Judgment affirmed.