Mary RUCKER et vir, Appellants,

v.

Sue BUTCHER, Appellee.

No. 15794.

Court of Civil Appeals of Texas.

Fort Worth.

March 8, 1957.

Joe F. Orr, Fort Worth, for appellants.

W. A. Hawkins, Fort Worth, for appellee.

MASSEY, Chief Justice.

From an adverse judgment adjusting equities and claims of the parties incident to a suit for partition, the defendants appealed.

Judgment affirmed.

Appellant Mary Rucker was one of the heirs at law of F. C. and Ella Walker, deceased. Others of said deceaseds' children were Sue Butcher, Charles C. Walker, and Emma Bell Tindle. As will subsequently be noted, such persons are treated as appellees despite some doubt if there is any appellee other than Sue Butcher. Apparently, only the homestead of these parties' deceased parents comprised real estate belonging to them at time of their respective deaths. F. C. Walker died first. Ella Walker lived on in the home until her death many years subsequently. There were two other children of these, but they died without issue, and the case is not complicated through them. There seems to have been no administration of the estates of either F. C. or Ella Walker, nor does there seem to have been any necessity therefor, and the situation obtaining was governed by principles established in the case of Moore v. Moore, 1895, 89 Tex. 29, 33 S.W. 217, followed in Kirk v. Head, Tex.Civ.App., Fort Worth, 1939, 132 S.W.2d 125, affirmed in 137 Tex. 44, 152 S.W.2d 726.

After the death of Ella Walker, Mary Rucker and her husband moved into the home in question and continued to reside there until the time of this suit. There was discussion about partition, or about sale to be followed by a partition of the proceeds, but the parties could not get together on the matter, and finally Sue Butcher, joined by her husband, brought suit for partition. Mary Rucker and Emma Bell Tindle, joined by their husbands, answered, and therein the Ruckers resorted to pleading in equity, seeking contribution from all the other parties in the suit because of funds expended in the payment of taxes on the property and for improvements placed thereupon, further seeking to establish that funds belonging to the estate of Ella Walker were in the hands of certain of the appellees and should be considered in the adjustment of equities incident to partition.

Trial was to the court without intervention of a jury, and appellees introduced evidence of the reasonable rental or use value of the real estate occupied by the appellants. Such evidence was received over appellants' strenuous objections. The trial court entered a judgment in which the value of the use of such property was offset against the expenditures proven by appellants. This action was directly contrary to appellants' theories of legal propriety. By other provisions of the judgment, the trial court denied appellants' prayer that funds they claimed to exist in the hands of the appellees be treated as part of the corpus of the estate of Ella Walker.

It is noticed that Charles C. Walker never did file any answer in the case to either the original petition filed by Sue Butcher or to the cross-petition of Emma Bell Tindle and Mary Rucker, and Emma Bell Tindle never answered the cross-petition as same applied to separate contentions of Mary Rucker. The judgment recites, however, that upon the hearing "came all parties, plaintiff and defendant and announced ready for trial". We can and do assume that all parties were before the court below in their correct legal capacities as applied to the issues involved.

The condition of the appeal bond leaves us in some doubt as to whether the appeal of

Mary Rucker and her husband, appellants herein, was perfected as against anyone other than Sue Butcher, since prosecution of the appeal was conditioned upon obligation to pay her only. The result reached in our conclusions upon the case would be the same in any event, however, whether parties not named in the bond be considered or not, and since no question has been raised by anyone, the matter will not be discussed and we will treat all of the other parties as "appellees".

While we are not certain that the claim can be related to any point of error brought forward on appeal, it is noted in the appellants' reply brief that they contend the judgment should not have enured to the benefit of Charles C. Walker, since he did not file an answer. It is true that only the pleadings of Sue Butcher and her husband would be construable as pleading and praying for the use value of the real property as an offset against the claims of the appellants, for there is no like affirmation by any of the others whom we are treating as appellees along with the Butchers. We are of the opinion, however, that it was the right and duty of the trial court, in connection with consideration of and granting appellants' plea for equity in the allowance of their claim for funds expended upon the property, to balance the equities by charging appellants with the value of the property's use, to the benefit of all the appellees, despite the absence of any pleading thereof.

Since the appellants were seeking equitable relief, they necessarily could be treated by a court as likewise in the position of offering to do equity, which would in this case be that of tendering the value of the property's use. That constituting equity, under the circumstances to be applied to the case, appellants would be required to do it as a condition to obtaining the relief they pray for, so it was entirely proper for the court to grant it as an offset in giving any consideration whatever to appellants' plea for contribution. The principles upon which we base such holding are to be found in the case of Gaffney v. Kent, Tex.Civ. App., San Antonio, 1934, 74 S.W.2d 176, and in the case of Home Inv. Co. v. Strange, 1917, 109 Tex. 342, 195 S.W. 849, 204 S.W. 314. See also 17 Tex.Jur., p. 44, "Equity", sec. 44, "He Who Seeks Equity must Do Equity". Furthermore, we are convinced that the issue having been joined by the pleadings of Sue Butcher and her husband in reply to the pleadings of appellants, the Butcher pleadings enured to the benefit of the other appellees. 30 C.J.S., Equity, § 673, "Hearing and Decree", sub. d, "Where There are Several Defendants", p. 1116.

Under the common law, even when one tenant in common occupies all or more than his proportionate share of property owned by him along with cotenants, under circumstances the result of which would make unenforceable against him a demand for any part of the reasonable value of the use of the property so occupied,—nevertheless if such tenant in common himself resorts to equity and seeks contribution from his cotenants for funds expended by him for the benefit, or in the betterment, of the common estate, he may be required to do equity and allow as an offset the value of the use he has made thereof. Roberts v. Roberts, 1941, 136 Tex. 255, 150 S.W.2d 236, 136 A.L.R. 1019, and cases cited.

In the instant case, the appellants did resort to equity and did seek contribution because of their expenditures to the benefit of the estate, but at the same time resisted the right of their cotenants to such an offset. The trial court arrived at the conclusion that because of the fact that the value of the use of the property exactly equaled the amount appellants established in the evidence under their plea for contribution because of enhancement in the value of the property, etc., the proper judgment should be that no party to the suit was entitled to judgment for any sum as against any other party or against the estate property. Judgment was entered accordingly along with decree that the property be sold, with the

proceeds of sale equally distributed to all the cotenants after first application made to costs, funeral expenses, and expenses of last illness.

As we interpret appellants' points on appeal, no complaint is made of any impropriety in ordering the property sold, with the partition to be made of the proceeds of the sale, but in any event the evidence adequately supports the findings and orders of the court below in such respect.

It would amount to a simplification of the remaining points presented if we consider that partition and sale as having already been made with the proceeds thereof amounting to a "pot" of blank dollars belonging to the co-owners thereof. We therefore will treat them in that manner.

■ Appellants' position in their remaining points is that various of such co-owners, as cotenants through heirship of the estates of Ella Walker, their mother, and F. C. Walker, their father, should,— before any pro rata division of (their mother's one-half of) the "pot" is to be made,— add amounts owing by them to the estate of said deceased mother. If any of the appellees were debtors of said estate, we agree that their debts, *to the extent same might be applied as an offset,* could be encompassed under principles of equity. To this extent it would constitute an exception to the general rule forbidding heirs to sue for the benefit of a deceased's estate as explained in Simkins Administration of Estates in Texas, 3rd Ed., pp. 314–318, incl., secs. 228, 229, and 230, and in Youngs v. Youngs, Tex.Com.App., 1930, 26 S.W.2d 191.

■ In particular, the appellants claim that various of the appellees had received sums of money as insurance proceeds from a policy on a deceased son of Ella Walker which had never been delivered up to Ella Walker, its rightful owner,—and claim that one of the appellees had received and refused to deliver up the sum of $526.45 he had obtained from the Railroad Compensation Board on account of the death of said son. Without necessity to decide whether ownership of such funds was in Ella Walker or her estate, we note that the trial court made findings of fact which included specific findings that all funds which had come into the hands of the appellees in question, including the above, had been expended (after the deceased son's funeral expenses were paid) for the use and benefit of Ella Walker—prior to the time she died. We have examined the statement of facts and reached the conclusion that the trial court's findings of facts are reasonably supported in the evidence, and that the appellees complained of have fully discharged their obligations to Ella Walker, deceased, and to her estate, and that there is no indebtedness by them owing which should be offset against their shares in the proceeds from the sale of the estate property.

■ It therefore follows that the judgment of the court below was correct, since it arrived at findings of facts establishing exactly what property comprised the estate to be partitioned, applied the principles of equity relating to the parties and the property so as to ascertain what credits appellants were entitled to have offset against the rental or use value and what offset the appellees were entitled to have against appellants' claim for expenditures made incident to their possession,—and then proceeded to partition the property and decree interests therein as by a judgment in rem.

The judgment is affirmed.