The SUPERIOR OIL COMPANY, Appellant,

v.

Newman ROBERTS et·al., Appellees.

No. 4348.

Court of Civil Appeals of Texas.

Waco.

May 6, 1965.

Rehearing Denied May 27, 1965.

Murray Christian, Williams, Lee & Lee, Thomas H. Lee and Jesse J. Lee, Houston, for appellant.

Plummer & Wade, M. W. Plummer, Sr., Houston, for appellees.

McDONALD, Chief Justice.

This is an appeal from a judgment for plaintiffs in a suit for accounting between cotenants.

Plaintiffs Roberts et al., own an undivided ½ interest in a 1½ acre tract of land in Colorado County, Texas. Defendants Cravens, Todd and Jackson own the other ½ interest in such property. On 10 April, 1947 defendants Cravens, Todd and Jackson executed a mineral lease on the *entire* tract to defendant Superior Oil Company.

Defendant Oil Company included the lease of such *entire* tract, in a pooling unit of several hundred acres, of which it was the operator; and has paid itself $7,165.33, as the 1½ acre tract's prorata part of production from the unitized area. The actual production was not from the 1½ acre tract, but from a nearby tract included in the unitized area.

Plaintiffs alleged that they are cotenants with defendant Oil Company in the 1½ acre tract, and sought an accounting and recovery from defendant Oil Company of ½ of the sums collected by defendant Oil Company (less ½ of the tract's prorata of expenses of production).

Defendants Cravens, Todd and Jackson did not answer; defendant Oil Company answered by general denial, and plead the 2 and 4 year Statutes of Limitation in bar of such of plaintiffs' cause of action as accrued prior to such times.

Trial was before the court without a jury, which rendered judgment for plaintiffs against defendant Oil Company for *$3082.62* (½ of the sums received by defendant as the 1½ acre tract's prorata of production from the unitized area, less ½ of the cost of production allocable to such tract).

Defendant appeals, contending the Trial Court erred:

1) In allowing any recovery against defendant under the undisputed facts.

2) In allowing a recovery for any sum greater than *$639.56,* the stipulated net value of all production within 2 years preceding the filing of suit.

■ We revert to defendant's 1st contention. Plaintiffs and defendants Cravens, Todd and Jackson were cotenants of the 1½ acres here involved, plaintiffs owning an undivided ½ interest and defendants Cravens, Todd and Jackson owning an undivided ½ interest. When Cravens, Todd and Jackson executed the lease of the *entire* tract to defendant Oil Company, such lease was only effective to convey the ½ interest of Cravens, Todd and Jackson. Plaintiffs and defendant Oil Company then became cotenants or concurrent owners of the leasehold interest in the property.

Willson v. Superior Oil Co., Tex.Civ.App., (n. r. e.) 274 S.W.2d 947; Bruni v. Vidaurri, 140 Tex. 138, 166 S.W.2d 81.

█ If a cotenant or concurrent owner of lands severs minerals from the mineral estate without the consent of the other cotenants or concurrent owners he must pay the other cotenants their proportionate share based on the proceeds less expenses of severance. White v. Smyth, 147 Tex. 272, 214 S.W.2d 967, 5 A.L.R.2d 1348.

█ Moreover, if a cotenant or concurrent owner of property receives rents, profits, delay rentals or bonus from the entire property, he must account proportionately to the other cotenant or concurrent owner. Sparks v. Robertson, Tex.Civ.App., W/E Ref., 203 S.W.2d 622; Grieder v. Marsh, Tex.Civ.App., (n. w. h.), 247 S.W.2d 590; Manning v. Benham, Tex.Civ.App., (n. w. h.), 359 S.W.2d 927; Cline v. Niblo, 117 Tex. 474, 8 S.W.2d 633; Shield v. Shield, Tex.Civ.App. (n. r. e.) 286 S.W.2d 252.

Defendant contends that since the actual production was not from the 1½ acre tract of which plaintiff was ½ owner, that plaintiffs are precluded from recovery.

█ Defendant Oil Company entered the entire 1½ acre tract (including plaintiffs' ½ interest), into the unitized unit of which it was the operator, and then allocated to itself such entire tract's prorata of production from the unitized area. Defendant paid itself the profits from property in the unitized area—which belonged to plaintiffs. We think under such circumstances defendant Oil Company held plaintiffs' prorata of the profits in trust, and must account for such profits as were made from plaintiffs' portion of the land.

Defendant's 2nd contention is that the 2 year Statute of Limitation precludes plaintiffs from recovery of any accounting prior to 2 years before filing suit.

█ The burden was on the defendant to prove its defense of limitation. The Trial Court rejected such defense. Under the facts of the instant case, limitation cannot commence to run until plaintiffs *had notice* that there was a repudiation of their rights by defendant. Under the record we cannot say that plaintiffs knew or should have known more than 2 years prior to suit, of the conduct and actions of defendant Oil Company. 15 Tex.Jur.2d, Sec. 42, p. 211; 57 Tex.Jur.2d, p. 614; Courseview v. Phillips, 158 Tex. 397, 312 S.W.2d 197, 205, pt. 7; Slay v. Burnett, 143 Tex. 621, 187 S.W.2d 377, pts. 27 and 28.

All of defendant's points and contentions are overruled.

Affirmed.